No. 99,266

STATE OF KANSAS, *Appellee*, v. GEORGE A. SITLINGTON,
*Appellant*.

(241 P.3d 1003)

Review of the judgment of the Court of Appeals in an unpublished decision filed February 20, 2009. Opinion filed November 19, 2010.

*Korey A. Kaul*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Heather R. Jones*, county attorney, argued the cause, and *Chad J. Sublet*, assistant county attorney, and *Steve Six*, attorney general, were with her on the briefs for appellee.

The opinion of the court was delivered by

ROSEN, J.: George Sitlington appeals his conviction of one count of rape of his granddaughter when she was between the ages of 4 and 7, in violation of K.S.A. 2004 Supp. 21-3502. The Court of Appeals affirmed his conviction, and this court granted review.

We adopt the following statement of facts from the Court of Appeals' unpublished opinion:

"In 2003, 7-year-old M.S. was removed from her parents' custody and placed with her maternal grandmother, who eventually became M.S.'s permanent guardian. In December 2005, M.S. told her grandmother that Sitlington, her [paternal] grandfather, had raped her in the past and she wanted him to go to jail.

"M.S.'s grandmother took M.S. to the police station, where M.S. told Detective Tammy Moews that Sitlington raped her in his trailer. M.S. said the first rape occurred in July or August 2001, just before she turned 5. According to M.S., she had fallen asleep in her clothes on a couch in Sitlington's living room and when she awoke, she was naked, her legs had been spread apart, and Sitlington was laying on top of her, 'sticking his thing inside of her like when people make babies.' M.S. told Moews that 'white gushy stuff came out of it'—apparently referring to ejaculation. M.S. further reported to Detective Moews that when she was 7, she fell asleep in Sitlington's trailer and the same thing happened. M.S. said Sitlington threatened to kill her if she told anyone.

"Shortly after interviewing M.S., Detective Moews interviewed Sitlington at his home. Sitlington denied that M.S. had ever spent the night at his house, and when Moews asked Sitlington why M.S. would say that Sitlington had sex with her, Sitlington 'began laughing and said the word "sex." Sitlington asked no other questions about what M.S. had said, nor did he express concern about her wellbeing or the investigation.' " *State v. Sitlington*, No. 99,266, unpublished opinion filed February 20, 2009, slip op. at 2-3.

The original complaint was filed against George Sitlington on June 22, 2006. In an amended complaint filed August 31, 2006,

Sitlington was charged with one count of rape of a child under the age of 14, a severity level 1 person felony, contrary to K.S.A. 2004 Supp. 21-3502(a)(2). This crime is alleged to have occurred between June 1, 2001, and August 12, 2004.

A jury trial was held in June 2007. M.S., then 10 years old, testified that Sitlington had raped her on two occasions. M.S. testified that the first rape occurred during the summer before her 5th birthday, which was August 13, 2001. M.S. described the second occasion as occurring when she was 7 years old, using for reference the time she was removed from her parents' home and placed in the custody of her maternal grandmother. Her descriptions of the events were simple and virtually identical. In her own words, she reported penile penetration and ejaculation during both events.

Detective Moews testified that M.S.'s testimony was substantially the same as her initial report of the crimes, except that M.S. had said the first rape occurred in July or August 2001, which was consistent with her testimony.

The State also presented testimony of Kimberly Heuer, M.S.'s maternal aunt, in its case in chief to provide corroborating testimony. The State attempted to have Heuer testify that during the summer when M.S. was 4 or 5 years old, Heuer observed M.S. naked and noticed that her vagina was red and swollen. Upon objection from the defense, Heuer's testimony was taken outside the presence of the jury. Heuer testified that when she asked M.S. why her vagina was red and swollen, M.S. responded that her grandfather had "touched her again." When Heuer inquired further, M.S. indicated through hand motions that her grandfather had inserted two fingers into her vagina. The court found that this testimony was inadmissible evidence of other crimes. Heuer was allowed to testify that when M.S. was 6 or 7 years old, M.S. had told Heuer that her grandfather had raped her.

Stephanie Strout, a physician assistant employed by Sunflower House, a child advocacy center in Shawnee, Kansas, testified for Sitlington. Strout testified that she had conducted an examination of M.S. in February 2006, at the request of the investigating detective to look for signs of sexual abuse. She testified that she did not observe any scarring or other indications of healed sexual

trauma, but that in a child several years removed from the sexual trauma, this was not unusual.

In rebuttal, the State recalled Heuer to present the testimony proffered and disallowed earlier in the trial. Sitlington objected on the grounds that the testimony lacked any foundation showing that it contradicted or was in any way inconsistent with the testimony of the physician assistant. The trial court allowed the testimony as proper rebuttal. Heuer testified that in summer 2001, she observed M.S. naked and M.S. had a red and swollen vagina. Heuer did not repeat the testimony she had given earlier outside the presence of the jury attributing the cause of the physical symptoms to criminal behavior by Sitlington.

The jury returned a guilty verdict. Sitlington appealed and the Court of Appeals affirmed. *Sitlington*, slip op. at 12. This court granted the appellant's petition for review.

## STATUTE OF LIMITATIONS

As his first issue on appeal, Sitlington alleges that the trial court gave an erroneous jury instruction requiring reversal of his conviction because the instruction allowed the jury to convict based on conduct that could have occurred outside the period allowed by the applicable statute of limitations. Jury instruction No. 9, like the amended complaint, required a finding that the criminal conduct occurred between June 1, 2001, and August 12, 2004. Sitlington raised no objection to the instruction at trial.

Because Sitlington raised no objection to the instruction, the instruction must be clearly erroneous before it may serve as the basis of any action by this court. See K.S.A. 22-3414(3).

"The clearly erroneous standard of review under K.S.A. 22-3414(3) is well known: 'An instruction is clearly erroneous only if the reviewing court is firmly convinced there is a real possibility the jury would have rendered a different verdict if the trial error had not occurred.' [Citations omitted.] In reviewing jury instructions for error, we examine the instructions as a whole, rather than isolate any one instruction, and determine if the instructions properly and fairly state the law as applied to the facts of the case. [Citations omitted.]" *State v. Ellmaker*, 289 Kan. 1132, 1139-40, 221 P.3d 1105 (2009).

Although the trial judge indicated he had previously checked the dates against the statute of limitations, in fact, the dates include a

3-week period from June 1, 2001, to June 21, 2001, that was beyond the applicable statute of limitations period. While the State attempts to argue that the statute may have been tolled, that issue was never placed before or considered by the trial court.

The Court of Appeals, without explanation, recharacterized Sitlington's argument as a claim that the charging document was defective. Acknowledging that the complaint contained a 3-week period that fell outside the statute of limitations, and citing K.S.A. 22-3208(3) (failure to present defenses and objections based on defects in the institution of the prosecution or in the complaint constitutes a waiver thereof), the Court found that Sitlington had waived his right to challenge any defects in the complaint "unless he can show that the defect deprived the district court of jurisdiction or that the complaint is so defective that it fails to charge a crime." *Sitlington*, slip op. at 6. The Court of Appeals disposed of Sitlington's jurisdictional argument by citing *Lowe v. State*, 14 Kan. App. 2d 119, 121, 783 P.2d 1313 (1989). In *Lowe*, the Court concluded that the statute of limitations in a criminal case does not raise a jurisdictional question but is an affirmative defense and can be waived. The Court of Appeals also found that, since time is not an essential element of the crime of rape, the amended complaint contained all the essential elements and did not fail to charge a crime. Finally, the Court of Appeals examined the complaint under the three-prong commonsense standard of review regarding the sufficiency of a charging document. *Sitlington*, slip op. at 6-7. That standard requires the appellate court to look at whether the claimed defect in the complaint or information has prejudiced the defendant in the preparation of his or her defense, impaired the defendant's ability to plead the conviction in any subsequent prosecution, or limited the defendant's substantial rights to a fair trial. See *State v. Gracey*, 288 Kan. 252, Syl. ¶ 1, 200 P.3d 1275 (2009); *State v. McElroy*, 281 Kan. 256, Syl. ¶ 2, 130 P.3d 100 (2006). The panel concluded that the defense had not been prejudiced, impaired, or limited in this case.

While the reasoning of the Court of Appeals is essentially correct, it does not directly address Sitlington's argument that the jury was erroneously instructed. In order to directly address Sitlington's

argument, it is important to note that this is a multiple acts case in which the jury could have found Sitlington guilty based upon either one of two acts, both of which constituted the crime of rape. See *State v. Allen*, 290 Kan. 540, 542, 232 P.3d 861 (2010). That characteristic distinguishes this case from cases cited by Sitlington in which the jury could have found the crime was committed by either of two alternative means. Moreover, the jury was given a unanimity instruction. Consequently, the question in this case is whether it matters that the jury may have based its verdict on a crime that occurred outside the statute of limitations period.

As the Court of Appeals correctly recognized, in Kansas the statute of limitations is an affirmative defense that can be waived and is not jurisdictional. This has been recognized not just by the Court of Appeals in *Lowe*, but also by this court in *In re Johnson, Petitioner*, 117 Kan. 136, 230 P. 67 (1924). In *Johnson*, the appellant brought a habeas corpus action alleging that his conviction should be set aside on the ground that the prosecution was barred by the statute of limitations. This court held the statute of limitations was a defense that must be presented to the trial court on the trial of the matter and, if error was committed there, must be presented on appeal and could not be raised by habeas corpus. In other words, failure to raise the defense at trial waived the defense. 117 Kan. at 137-38.

It follows that Sitlington, having failed to raise the defense of the statute of limitations at trial, waived that defense. Thus, his conviction, even though potentially based on an act beyond the statute of limitations period, is not thereby rendered illegal, unlike the alternative means cases on which Sitlington relies in which one alternative was legally insufficient. It also follows that the trial court's instruction including the three weeks beyond the statute of limitations is not clearly erroneous.

## REBUTTAL TESTIMONY

As his second issue on appeal, Sitlington argues that the trial court improperly allowed rebuttal testimony by M.S.'s aunt that she had observed M.S. naked during summer 2001 and M.S.'s vagina had been red and swollen. This testimony had been excluded

in the State's case-in-chief as inadmissible evidence of other crimes because M.S.'s explanation of her injuries suggested digital penetration rather than the penile penetration alleged in this case. The testimony was ostensibly allowed to rebut testimony given by the physician assistant that when she examined M.S., several years after the last alleged abuse, M.S. showed no physical signs of sexual abuse.

We review the admission of rebuttal evidence using an abuse of discretion standard.

"A district judge has broad discretion in determining the use and extent of relevant evidence in rebuttal, and such a ruling will not be ground for reversal absent abuse of that discretion that unduly prejudices the defendant. Generally, admission of rebuttal evidence intended to contradict facts put into evidence during the defense case is not error. *State v. Blue*, 221 Kan. 185, 188, 558 P.2d 136 (1976) (rebuttal evidence admissible under K.S.A. 60-420 to attack defendant's credibility; evidence competent to show testimony of defendant, defense witness false)." *State v. Cosby*, 285 Kan. 230, 250, 169 P.3d 1128 (2007).

The Court of Appeals correctly determined that the testimony presented by M.S.'s aunt in rebuttal was not proper rebuttal evidence.

"Rebuttal evidence is that which contradicts evidence introduced by an opposing party. It may tend to corroborate evidence of a party who first presented evidence on the particular issue, or it may refute or deny some affirmative fact which an opposing party has attempted to prove. It may be used to explain, repel, counteract, or disprove testimony or facts introduced by or on behalf of the adverse party. Such evidence includes not only testimony which contradicts witnesses on the opposite side, but also corroborates previous testimony." *State v. Willis*, 240 Kan. 580, 583, 731 P.2d 287 (1987).

The Court of Appeals not only found that Heuer's testimony concerning her observations of M.S.'s red and swollen vagina in 2001 neither directly nor indirectly contradicted the physician assistant's testimony of lack of injury in 2006, but also found that it was irrelevant to the rape charge based on penile penetration since the proffer established that the cause of the condition was digital penetration. In other words, applying this court's standard of review, the Court of Appeals concluded the rebuttal evidence was neither probative nor material and the district court erred in admitting it.

The Court of Appeals went directly from this conclusion to the application of the harmless error analysis, but it bears mention that the panel could also have found the trial court failed to completely determine and apply the appropriate rules of evidence in its decision to admit the rebuttal testimony. Having previously determined that the evidence was other crimes evidence, the trial court should also have determined whether it met the standards for admissibility under K.S.A. 60-455 ("[S]ubject to K.S.A. 60-445 and 60-448, such evidence is admissible when relevant to prove some other material fact including motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."). The trial court failed to consider that issue altogether.

Having concluded that the evidence was erroneously admitted, the Court of Appeals applied K.S.A. 60-261, which states:

"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

See *State v. Gonzalez*, 282 Kan. 73, 99-100, 145 P.3d 18 (2006) (Errors in admitting evidence must be reviewed to determine "whether the admission of the evidence [1] was inconsistent with substantial justice; [2] affected the substantial rights of defendant; and [3] had any likelihood of changing the results at trial.").

The Court of Appeals concluded that the admission of the evidence was harmless. It rested its decision on reasoning that the determination of the credibility of the victim is solely within the province of the jury, and the jury's determination is not to be set aside unless the witness' testimony is so incredible and improbable as to defy belief, citing *State v. Jackson*, 280 Kan. 16, 39-40, 118 P.3d 1238 (2005), *cert. denied* 546 U.S. 1184 (2006), and *State v. Borthwick*, 255 Kan. 899, 904-05, 880 P.2d 1261 (1994).

The erroneous admission of this evidence as rebuttal was harmless error. The testimony did not link the physical symptoms to Sitlington; the aunt simply testified about her observation of M.S.

during the summer before M.S.'s 5th birthday. M.S. testified in detail about the two incidents. Her testimony was plausible and consistent with her earlier reports. It was also corroborated by her aunt's testimony that M.S. had told her when M.S. was 7 that her grandfather had raped her. The admission of the rebuttal evidence was not so prejudicial as to have changed the result of the trial or denied Sitlington a fair trial.

Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

WILLIAM B. ELLIOTT, District Judge, assigned▌