NOT DESIGNATED FOR PUBLICATION

No. 114,892

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICK D. LABRUM,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed September 23, 2016. Affirmed.

*Rick D. Labrum*, appellant pro se.

*Sheryl L. Lidtke*, chief deputy district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., LEBEN, J., and HEBERT, S.J.

*Per Curiam*: Rick D. Labrum appeals the district court's summary denial of his pro se motion to correct an illegal sentence. None of Labrum's claims fall within the definition of an illegal sentence. Even if his pro se motion is considered as a K.S.A. 60-1507 motion, it is successive and untimely. Thus, we affirm the judgment of the district court summarily denying Labrum's motion.

*Factual and Procedural Background*

In 2002, a jury convicted Labrum of five counts of rape, one count of aggravated criminal sodomy, four counts of aggravated indecent liberties with a child, and three counts of sexual exploitation of a child based on evidence that he had sexually abused his daughter over a 3-year period. The district court sentenced Labrum to a total of 257 months in prison. He appealed on several grounds, including that his constitutional right to a speedy trial had been violated. This court rejected his arguments and affirmed his convictions on direct appeal. See *State v. Labrum*, No. 89,621, 2004 WL 1443895 (Kan. App.) (unpublished opinion), *rev. denied* 278 Kan. 850 (2004) (*Labrum I*).

In November 2004, Labrum filed a pro se petition for writ of habeas corpus under K.S.A. 60-1507, arguing that his speedy trial right had been violated, the statutory time limit to prosecute him had run, his confession was coerced, and his trial attorneys had been ineffective. After appointing an attorney for Labrum, the district court noted that the Kansas Court of Appeals had already decided many of the allegations in his direct appeal but held a hearing and denied the ineffective assistance of counsel claim. On appeal, Labrum raised only the ineffective assistance of counsel claim and abandoned the remaining issues. A panel of this court held that Labrum had failed to prove his counsel's performance was deficient or had prejudiced him. *Labrum v. State*, No. 96,710, 2008 WL 440513, at *1-3 (Kan. App.) (unpublished opinion), *rev. denied* 286 Kan. 1178 (2008) (*Labrum II*).

In May 2012, Labrum, with the assistance of an attorney, filed a second petition for writ of habeas corpus under K.S.A. 60-1507, contending that his speedy trial right had been violated. This court affirmed the district court's summary dismissal since the issue was raised and addressed in the direct appeal and the motion had been filed outside the statutory time limit. *Labrum v. State*, No. 109,918, 2014 WL 1707942, at *8 (Kan. App. 2014) (*Labrum III*).

In August 2015, Labrum filed a pro se motion to correct an illegal sentence under K.S.A. 22-3504. He argued his sentence was illegal because:  (1) The State failed to bring charges and prosecute him within 5 years of the alleged crimes, which meant the statute of limitations had run and the district court did not have jurisdiction to convict him; (2) his constitutional right to a speedy trial had been violated; (3) the State had committed "acts of wanton[n]ess, and estopp[el] tactics by misrepresentation, actual malic[e], and m[a]licious acts" by altering a hearing transcript and committing perjury (among other things); and (4) his counsel was ineffective.

The district court denied his motion without holding a hearing. In its written order, the court held that none of Labrum's arguments fell within the definition of an illegal sentence. The court concluded that although Labrum had labeled the motion as one to correct an illegal sentence, the motion was actually an attempt to bring another petition for writ of habeas corpus under K.S.A. 60-1507. The court noted that under K.S.A. 60-1507(c), it is not required to consider successive motions asking for similar relief and pointed out that the Kansas Court of Appeals had already ruled that Labrum's right to a speedy trial had not been violated. The court also denied the petition because it was not filed within the statutory time limit (1 year after the defendant's case is final). See K.S.A. 60-1507(f)(1).

Labrum appeals to this court.

*Standard of Review*

When a district court summarily denies a motion to correct an illegal sentence under K.S.A. 22-3504, this court reviews the matter independently, with no required deference to the district court because this court has the same access to the motion, records, and files as the district court. *State v. Trotter*, 296 Kan. 898, 901-02, 295 P.3d 1039 (2013). Like the district court, this court must determine whether those documents

3

conclusively show Labrum is not entitled to relief. See *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014).

Under K.S.A. 22-3504, a district court may correct an illegal sentence at any time. A motion to correct an illegal sentence under K.S.A. 22-3504 is proper only if the sentence is illegal. See *Makthepharak v. State*, 298 Kan. 573, 578, 314 P.3d 876 (2013). The Kansas Supreme Court has strictly defined an illegal sentence as: (1) A sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016); *Makthepharak*, 298 Kan. at 578. Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law this court reviews independently, with no required deference to the district court's determination. *Lee*, 304 Kan. at 417. A district court can deny a defendant's motion to correct an illegal sentence without a hearing if the defendant does not raise claims that his or her sentence is illegal as defined under K.S.A. 22-3504. See *Taylor*, 299 Kan. at 7-9; *State v. Mitchell*, 284 Kan. 374, 376-77, 162 P.3d 18 (2007).

*K.S.A. 22-3504*

On appeal, Labrum again argues his sentence was illegal under K.S.A. 22-3504 because (1) the State had failed to prosecute him within the time allowed by the statute of limitations, taking away the district court's jurisdiction to convict him; (2) his constitutional right to a speedy trial was violated; (3) the State had falsified records and committed other wanton acts; and (4) his counsel was ineffective.

The Kansas Supreme Court has repeatedly held that a defendant cannot use a motion to correct an illegal sentence to attack a conviction and that the only relief available through such a motion is correction of a sentence, not reversal of a conviction.

4

*State v. Ford*, 302 Kan. 455, 464, 467, 353 P.3d 1143 (2015); *State v. Gilbert*, 299 Kan. 797, 801, 326 P.3d 1060 (2014); *Trotter*, 296 Kan. at 902; *State v. Sims*, 294 Kan. 821, 825, 280 P.3d 780 (2012). Labrum argues on appeal, as he did before the district court, that his convictions should be reversed on various grounds. None of his claims fall within the definition of an illegal sentence.

Labrum first asserts that because the State prosecuted him more than 5 years after the alleged crimes took place, the statute of limitations in K.S.A. 2002 Supp. 21-3106 had run, which meant the court did not have jurisdiction and his sentence was illegal. But even if the State had prosecuted him for crimes outside the statutory limitation period, his sentence is not illegal. Kansas courts have held that the statute of limitations is an affirmative defense and does not impact the court's jurisdiction or the validity of the defendant's conviction. If a defendant fails to raise the defense at trial, then it is waived. *State v. Sitlington*, 291 Kan. 458, 463, 241 P.3d 1003 (2010); *In re Johnson, Petitioner*, 117 Kan. 136, 137-38, 230 P. 67 (1924) (holding statute of limitations issue must be raised at trial and cannot be raised in habeas petition); *Lowe v. State*, 14 Kan. App. 2d 119, 120-21, 783 P.2d 1313 (1989) (relying on *Johnson* to conclude defendant was not entitled to relief under K.S.A. 60-1507). Because the court had jurisdiction to convict and sentence Labrum, his sentence is not illegal on these grounds.

In any event, Labrum's claim that he was wrongly prosecuted for crimes beyond the statute of limitation period is without merit. Under K.S.A. 2002 Supp. 21-3106(9)(f)(i)-(iii), the 5-year statute of limitations is tolled—or paused—for any period in which,

"Whether or not the fact of the crime is concealed by the active act or conduct of the accused, there is substantially competent evidence to believe two or more of the following factors are present: (i) The victim was a child under 15 years of age at the time of the crime; (ii) the victim was of such age or intelligence that the victim was unable to

5

determine that the acts constituted a crime; (iii) the victim was prevented by a parent or other legal authority from making known to law enforcement authorities the fact of the crime whether or not the parent or other legal authority is accused."

At trial, the district court found this provision applied and allowed the State to amend the complaint to expand the time frame to cover incidents beyond the 5-year time limit; the court reaffirmed its decision in addressing Labrum's motion for a new trial. Although Labrum argues on appeal that he did not conceal his crime, he does not address the trial court's finding that K.S.A. 2002 Supp. 21-3106(9)(f) applied. Based on the trial court's unchallenged findings, the State did not improperly prosecute Labrum for crimes barred by the statute of limitations.

None of Labrum's other claims fall within the scope of an illegal sentencing motion. He argues that his sentence is illegal because the court violated his right to a speedy trial. This issue has been definitively and adversely ruled upon in his direct appeal and two prior K.S.A. 60-1507 motions. More to the point, the Kansas Supreme Court has specifically held that a speedy trial claim cannot be properly raised in a motion to correct an illegal sentence. See *Taylor,* 299 Kan. 5, Syl. ¶ 1.

Labrum contends his sentence is illegal because his counsel was ineffective for failing to raise the statute of limitations and speedy trial issues. Again, Labrum has raised issues of ineffective assistance in his prior K.S.A. 60-1507 motions. Our courts, in unpublished but persuasive opinions, have determined that ineffective assistance of counsel claims do not fall within the narrow definition of an illegal sentence because they do not implicate the jurisdiction of the court. *State v. Clark*, No. 95,163, 2007 WL 1239217, at *2 (Kan. 2007) (unpublished opinion); *State v. Barahona*, No. 97,944, 2008 WL 940799, at *2 (Kan. App. 2008) (unpublished opinion).

Labrum further suggests that his sentence is illegal because the State committed perjury and fraud (among other things) by allegedly falsifying or altering a transcript and by lying at a hearing. Even if the record would lend some support to such broad accusations, prosecutorial and judicial misconduct are trial errors and do not deprive the court of jurisdiction and, thus, do not support a claim of illegal sentence. *Clark*, 2007 WL 1239217, at *2 (citing *State v. Brown*, 280 Kan. 898, 901-02, 127 P.3d 257 [2006]).

Because Labrum's motion to correct an illegal sentence does not set forth any claims that meet the definition of an illegal sentence, the district court rightly denied the motion on those grounds without a hearing. See, *e.g.*, *Gilbert*, 299 Kan. at 801-02; *Taylor*, 299 Kan. at 7-9; *State v. May*, 293 Kan. 858, 870, 269 P.3d 1260 (2012) (appellate court can affirm judgment even if reasoning differs from district court).

*K.S.A. 60-1507*

The district court chose to view Labrum's motion to correct an illegal sentence as an attempt to raise yet another K.S.A. 60-1507 motion. The court concluded that it was not required to consider the merits of the motion because Labrum had already filed two other habeas motions raising many of the same issues and the motion was filed outside the statutory time frame.

Kansas courts do occasionally construe pro se motions to correct an illegal sentence as K.S.A. 60-1507 motions, but they are not required to do so and have also declined to do so when the defendant has already filed K.S.A. 60-1507 motions. See, *e.g.*, *State v. Donaldson*, 302 Kan. 731, 737-38, 355 P.3d 689 (2015) (noting that because the defendant had filed a direct appeal and two K.S.A. 60-1507 motions, any subsequent K.S.A. 60-1507 motion would have been denied); *Trotter*, 296 Kan. at 904-05 (declining to construe motion as K.S.A. 60-1507 motion because the motion would have been

7

successive and untimely); *State v. Swisher*, 281 Kan. 447, 449, 132 P.3d 1274 (2006) (construing motion as K.S.A. 60-1507 motion).

The district court is correct that it is not required to consider successive K.S.A. 60-1507 motions for habeas corpus "for similar relief on behalf of the same prisoner." K.S.A. 60-1507(c). This rule extends to issues that were raised *or could have been raised* in a prior K.S.A. 60-1507 motion. *Manco v. State*, 51 Kan. App. 2d 733, 736, 354 P.3d 551 (2015), *rev. denied* 304 Kan. ___ (March 31, 2016). Additionally, Kansas Supreme Court Rule 183(d) (2015 Kan. Ct. R. Annot. 272) provides:

> "A sentencing court *may not* consider a second or successive motion for relief by the same movant when:
> "(1) the ground for relief was determined adversely to the movant on a prior motion;
> "(2) the prior determination was on the merits; and
> "(3) justice would not be served by reaching the merits of the subsequent motion." (Emphasis added.)

Successive K.S.A. 60-1507 motions may be allowed in "exceptional circumstances," which the Kansas Supreme Court has defined as including "'"unusual events or intervening changes in the law which prevent a movant from reasonably being able to raise all the trial errors in the first post-conviction proceeding."'" *State v. Mitchell*, 297 Kan. 118, 123, 298 P.3d 349 (2013) (quoting *State v. Kelly*, 291 Kan. 868, 872, 248 P.3d 1282 [2011]).

In this case, Labrum has raised or could have raised these issues in his direct appeal and two K.S.A. 60-1507 motions. He raised the statute of limitations issue in his first K.S.A. 60-1507 motion but abandoned it on appeal. See *Labrum II*, 2008 WL 440513, at *1. This court affirmed the district court's judgments holding that Labrum's right to a speedy trial was not violated and his trial counsel was not ineffective. *Labrum I*,

8

2004 WL 1443895, at *4; *Labrum II*, 2008 WL 440513, at *3 (counsel was not ineffective); *Labrum III*, 2014 WL 1707942, at *6-8 (declining to reconsider speedy trial issue in second K.S.A. 60-1507 motion because motion was untimely and successive). Additionally, Labrum could have raised his allegation of prosecutorial misconduct earlier, but he failed to do so or to explain why he was unable to raise it earlier. Labrum has not suggested or demonstrated any exceptional circumstances which would merit consideration on a successive appeal.

The district court also correctly determined that if it treated Labrum's motion as a K.S.A. 60-1507 motion, the motion would be untimely. A defendant has 1 year from the time his or her conviction becomes final to bring a K.S.A. 60-1507 motion. K.S.A. 60-1507(f)(1). The district court may consider a motion beyond the 1-year time limit only to prevent manifest injustice. K.S.A. 60-1507(f)(2). The Kansas Supreme Court has defined manifest injustice in this context as obviously unfair or shocking to the conscience. *Vontress v. State*, 299 Kan. 607, 614, 325 P.3d 1114 (2014). Here, the totality of the circumstances reveals no such manifest injustice. Labrum has had the benefit of a direct appeal and prior K.S.A. 60-1507 motions; his most recent motion was filed some 11 years after his direct appeal became final on September 20, 2004; the merits of his claims fail to raise any substantial issue of law or fact; and he does not suggest any plausible claim of actual innocence. See *Vontress,* 299 Kan. at 216. Labrum had the burden to establish manifest injustice and has not argued or established any grounds to do so. See *Trotter*, 296 Kan. 898, Syl. ¶ 3 (a defendant who files a K.S.A. 60-1507 motion outside the 1-year time limit and fails to assert manifest injustice is procedurally barred from maintaining the action); *May v. State*, No. 112,557, 2015 WL 7162201, at *2-3 (Kan. App. 2015) (unpublished opinion), *petition for rev. filed* December 8, 2015.

*Conclusion*

The district court did not err in summarily denying Labrum's motion to correct an illegal sentence. First, none of his claims fall within the definition of an illegal sentence and could not be brought in such a motion. As such, Labrum is not entitled to relief. Second, even considering his motion as a K.S.A. 60-1507 motion, it would be successive and untimely.

Affirmed.