NOT DESIGNATED FOR PUBLICATION

No. 116,573

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JESSICA E. EASTMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; BARBARA KAY HUFF, judge. Opinion filed March 9, 2018. Affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., PIERRON and LEBEN, JJ.

PER CURIAM:  Jessica E. Eastman appeals her conviction for distribution of methamphetamine. Eastman contends the trial court committed reversible error when it allowed the State to admit K.S.A. 60-455 evidence in rebuttal without providing the defendant 10 days' advance notice. Upon our review, we conclude that the advance notice requirement of K.S.A. 2017 Supp. 60-455(e) does not apply when the prior crimes evidence is offered at trial in rebuttal. Finding no error, we affirm the conviction.

1

FACTUAL AND PROCEDURAL BACKGROUND

In April 2015, Eastman moved into a friend's house in Lawrence and began using methamphetamine. That same week she met Kevin Grob. According to Eastman, when Grob learned that she used methamphetamine, he invited her "to get high." Eastman accepted the invitation and the pair used methamphetamine together. Subsequently, Eastman claimed Grob supplied her with methamphetamine "quite a few times" during the next two months.

Grob, while denying that he ever provided Eastman with methamphetamine, acknowledged that he was a confidential informant for the Lawrence Police Department while he was acquainted with her. According to Grob, he and Officer Kim Nicholson entered into a "Cooperating Individual Agreement" in order for Grob to avoid prosecution for charges of possession of opiates, heroin, and other drug paraphernalia. The agreement, which Grob signed on March 2, 2015, provided that he would assist the police department with information and also participate in the controlled purchases of drugs.

Although Grob failed to procure a controlled drug buy for three months, in early June he identified Eastman as a potential seller and, thereafter, arranged for a drug buy on June 8, 2015. According to Grob, he simply called Eastman and arranged for her to sell him 7 grams of methamphetamine. On June 8, 2015, Eastman arrived at the agreed-upon location and sold the methamphetamine to an undercover officer accompanying Grob.

Eastman was arrested and charged with four separate crimes, including distribution of methamphetamine, a severity level 2 felony in violation of K.S.A. 2014 Supp. 21-5705(a)(1). Following a preliminary hearing, three of the charges were dismissed but Eastman was bound over for arraignment and trial on the charge of distribution of methamphetamine.

2

At trial, Eastman testified and claimed the drug buy was originally Grob's idea. She further claimed that the methamphetamine she sold to the undercover officer was provided by Grob and—importantly for this appeal—maintained that she had "never sold drugs" and "never set up people." Shortly after Eastman's testimony the defense rested and the trial court excused the jury to hear motions from the parties.

After Eastman's motion for a directed verdict or judgment of acquittal was denied, the State advised that it intended to present Officer Michael Ramsey as a rebuttal witness. The State proffered that Officer Ramsey would testify that, while undercover, he met with Eastman on April 18, 2014, as she attempted to set up a drug buy between Officer Ramsey and a third party. Although the transaction did not occur because the drug dealer failed to arrive, Officer Ramsey surreptitiously recorded his incriminating conversation with Eastman.

The prosecutor sought to admit this recording and Officer Ramsey's testimony, because "Eastman has gotten up on the stand, has denied ever being involved with drug sales. We think this is fair rebuttal." Eastman expressed concerns about the content of Officer Ramsey's recording, so the court ordered a lengthy recess for the parties to review the recording and make redactions. When the parties reconvened, Eastman objected to Officer Ramsey's testimony and audio recording arguing, among other reasons, that K.S.A. 2016 Supp. 60-455(e) required the State to provide "pretrial notice [to the defense] of its intent to offer evidence." The State replied that such notice was not required for rebuttal witnesses or evidence.

The trial court agreed. It ruled: "[K.S.A.] 60-455 really does concern cases in chief of the State. If they intend to introduce this evidence, they have to give notice. This is rebuttal." The district court then took an hour recess for lunch. When the trial resumed, Eastman renewed her objections to Officer Ramsey's testimony, which the district court noted and overruled.

At the conclusion of trial, the jury found Eastman guilty of distribution of methamphetamine. The district court sentenced her to 104 months' imprisonment, with 36 months' postrelease supervision.

Eastman timely appealed.

ANALYSIS

Eastman raises only one issue on appeal. She contends the district court erroneously ruled that Officer Ramsey's prior crimes rebuttal evidence was not subject to the notice requirement of K.S.A. 2017 Supp. 60-455(e) and, as a result, her conviction should be reversed.

At the outset, our standard of review provides that the use and extent of rebuttal evidence rests in the sound discretion of the district court and it will not be disturbed on appeal absent a finding that the district court abused its discretion. *State v. Sitlington*, 291 Kan. 458, 464, 241 P.3d 1003 (2010). A district court abuses its discretion if (1) no reasonable person would take the view adopted by the court, (2) the decision is based on an error of law, or (3) the decision is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). To the extent an appellate court is required to interpret K.S.A. 60-455(e), our review is unlimited. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). Finally, when the question of whether the trial court complied with specific statutory requirements for admitting evidence requires interpretation of a statute, appellate review is also de novo. See *State v. Stafford*, 296 Kan. 25, 47, 290 P.3d 562 (2012).

The Kansas statute at issue here is K.S.A. 2017 Supp. 60-455(e), which relates to "[o]ther crimes or civil wrongs." That statute provides:

"In a criminal action in which the prosecution intends to offer evidence under this rule, the prosecuting attorney shall disclose the evidence to the defendant, including statements of witnesses, at least 10 days before the scheduled date of trial or at such later time as the court may allow for good cause." K.S.A. 2017 Supp. 60-455(e).

Eastman argues the language of K.S.A. 2017 Supp. 60-455(e) is clear, affording "no exception" for "rebuttal evidence." According to Eastman, rebuttal evidence of her prior, attempted drug sale constituted K.S.A. 60-455 evidence for which the State was required to notify her at least 10 days prior to trial. Eastman argues that the State's failure to provide advance notice of the prior crimes evidence violated the statute and constitutes reversible error.

On the other hand, the State counters that in *State v. Edwards*, 299 Kan. 1008, 1016, 327 P.3d 469 (2014), our Supreme Court explicitly provided that the State is generally "not required to disclose or endorse the names of rebuttal witnesses." The State acknowledges that, while no case has explicitly addressed the notice requirements of K.S.A. 2017 Supp. 60-455(e) in the context of rebuttal evidence, such evidence should be "treated like any other rebuttal, meaning that pretrial disclosure is not required."

Kansas law supports the State's position. In *Edwards*, the court cited the longstanding principle that "prosecuting attorneys are not required to disclose or endorse the names of rebuttal witnesses." 299 Kan. at 1016. The court reasoned: "'Because the purpose of a rebuttal witness is to refute testimony given in the case in chief, it would be hard to list rebuttal witnesses in advance, not knowing exactly what detailed testimony may be elicited during the case in chief.'" 299 Kan. at 1016 (quoting *State v. Drach*, 268 Kan. 636, 646, 1 P.3d 864 [2000]). Kansas courts have reiterated these same principles—and, notably, in a variety of circumstances. See *Drach*, 268 Kan. at 646; *State v. Trotter*, 245 Kan. 657, 660, 783 P.2d 1271 (1989); *State v. Hunter*, 241 Kan. 629, 638, 740 P.2d 559 (1987); *Talley v. State*, 222 Kan. 289, 292, 564 P.2d 504 (1977).

In *Edwards*, our Supreme Court held the State was not required to provide advanced notice of a rebuttal expert witness. 299 Kan. at 1015-16. In *Drach*, the court determined the State did not have to notify the defense of a rebuttal witness who testified to "a common theme [that] caus[ed] problems throughout [the defendant's] marriage." 268 Kan. at 647. And in *Trotter*, the court similarly held advanced notice was not required for a rebuttal witness who contradicted the timeline of events presented in the defense's case-in-chief. 245 Kan. at 660.

Given this caselaw precedent, we are persuaded that the advance notice provision of K.S.A. 2017 Supp. 60-455(e) does not apply to the admission of prior crimes evidence at trial in rebuttal. Generally, rebuttal evidence is "intended to contradict facts put into evidence during the *defense* case." (Emphasis added.) *Sitlington*, 291 Kan. at 464. By definition, the State's rebuttal evidence is not admissible until the defendant presents evidence in the defense case-in-chief, and then admissibility is determined, in part, upon whether the rebuttal evidence contradicts the defense evidence.

In contrast to the use of rebuttal evidence at trial, the advance notice provision of K.S.A. 2017 Supp. 60-455(e) necessarily relates to the State's case-in-chief wherein "the prosecution intends to offer evidence under this rule." In the present case, had the State intended to offer prior crimes evidence in its case-in-chief, K.S.A. 2017 Supp. 60-455(e) would have required pretrial advance notice to the defense.

But here, the State rested its case without offering any prior crimes evidence. Indeed, at the close of the State's case, Eastman could have rested without presenting any evidence, and the State would have been precluded from offering *any* rebuttal evidence. Under these circumstances, at the close of the State's case where the State did not know whether Eastman would present any evidence, testify personally, and if so, what she would testify about, the State was not required to provide advance pretrial notice of its intent to offer prior crimes rebuttal evidence.

6

Eastman counters that the State was on notice that she intended to employ an entrapment defense. Our review of the record, however, shows that the first suggestion that Eastman was intending to employ an entrapment defense was when she filed a proposed jury instruction relating to this defense only 14 days prior to trial. Of course, this particular filing did not bind Eastman to presenting an entrapment defense at trial. And in Eastman's opening statement there was only one cursory reference to entrapment in a lengthy presentation by defense counsel. Moreover, the State's prior crimes evidence was not necessarily admissible simply because Eastman presented an entrapment defense in her case-in-chief. Only upon Eastman's explicit testimony denying her involvement in any prior drug sale activities was the State's prior crimes evidence admissible to controvert and impeach the defendant's testimony.

Finally, the 10 days' notice provision of K.S.A. 2017 Supp. 60-455(e) is not ironclad. Rather, it codifies flexibility in the notice requirement by providing that the State's notice to use prior crimes evidence may occur "at such later time as the court may allow for good cause." K.S.A. 2017 Supp. 60-455(e). Here, immediately after Eastman's testimony in the defense case—at the earliest opportunity—the State notified the trial court and Eastman of its intention to offer K.S.A. 60-455 rebuttal testimony. In allowing the State to present this testimony, the trial court also afforded Eastman a recess of almost an hour and a half to review the evidence, suggest redactions to the recording, and draft a proposed limiting instruction. In this way, the trial court provided Eastman with additional time to prepare for the admission of the rebuttal testimony.

In conclusion, we hold the advance notice requirement of K.S.A. 2017 Supp. 60-455(e) does not apply when the prior crimes evidence is offered at trial in rebuttal. Finding no error in the trial court's evidentiary ruling, we affirm the conviction.

Affirmed.