No. 117,957

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALLEN DEANDRE ROBINSON,
*Appellant*.

SYLLABUS BY THE COURT

1.

The right to a speedy trial guaranteed under the Sixth Amendment to the United States Constitution and Section 10 of the Kansas Constitution's Bill of Rights applies in juvenile-offender proceedings under the Kansas Juvenile Offender Code.

2.

Criminal charges against a juvenile offender may be refiled in an adult proceeding after a hearing is held to determine whether it's appropriate to do so. Once the charges are refiled in an adult proceeding, those charges may be amended as otherwise provided by law and are not limited only to the charges initially brought in the juvenile-offender proceeding.

3.

A statute-of-limitations defense to a criminal charge is waived if not timely raised by the defendant in the district court.

Appeal from Johnson District Court; SARA WELCH, judge. Opinion filed December 14, 2018. Affirmed in part, reversed in part, and remanded with directions.

*Ashlyn Buck Lewis*, of Topeka, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., PIERRON and LEBEN, JJ.

LEBEN, J.: The Sixth Amendment to the United States Constitution and Section 10 of the Kansas Constitution's Bill of Rights both guarantee the right to a speedy and public jury trial in all criminal prosecutions. A decade ago, in *In re L.M.*, 286 Kan. 460, Syl. ¶ 1, 186 P.3d 164 (2008), the Kansas Supreme Court held that juveniles had a right to a jury trial under these provisions because juvenile-offender proceedings had "become more akin to an adult criminal prosecution" than to the benevolent rehabilitative system that had once existed.

Allen Robinson appeals his convictions for aggravated robbery and kidnapping on the basis that his constitutional right to a speedy trial was violated. But his case was initially filed as a juvenile-offender proceeding, and the State argues that no speedy-trial right exists there. We disagree: if the jury-trial provisions in the Kansas and United States Constitution apply, so do the speedy-trial provisions. Because the district court in Robinson's case did not decide his speedy-trial claim on the merits—and several factors that must be considered need to be factually developed—we return the case to the district court to consider the speedy-trial claim.

Robinson also argues that the State couldn't add charges once the case moved from juvenile to adult court and that the State's service of the arrest warrant was so late that the statute of limitations had expired. But a past decision of our court and our analysis of the applicable statutory provisions supports the conclusion that the State can amend the charges once the case is in an adult proceeding just as it can in other cases. And Robinson

2

didn't raise a statute-of-limitations defense in the district court; failing to do so waived that potential defense.

FACTUAL AND PROCEDURAL BACKGROUND

On a Sunday night in September 2012, Robinson and three others entered a home in Olathe and held the four men who resided there at gunpoint. Robinson and his accomplices moved the men into a bathroom, used profane language deriding the residents' sexual identity, and ordered them to strip and touch each other's genitals. Robinson then stole property from the home and drove away.

Because the issues on appeal involve speedy-trial rights and the movement of charges from juvenile to adult proceedings, we will focus on the timing of the proceedings in both juvenile and adult proceedings. Less than two weeks after the events occurred, the State brought four charges of aggravated robbery against Robinson, then 17, in juvenile proceedings in the Johnson County District Court. Along with those charges, the State moved for court authorization to prosecute Robinson as an adult. A warrant for Robinson's arrest was issued September 27, the same day the charges were filed.

About six weeks later, the court held a status conference in the case. Robinson wasn't there, but an appointed attorney was. There's no indication in our record that Robinson knew about the charges or the hearing.

About two days after that hearing, Robinson was arrested on unrelated charges in another county. There's no indication that the prosecutor in Johnson County, where the aggravated-robbery charges were pending, knew about the arrest.

3

More than two years later, on November 21, 2014, the court in Johnson County issued an order to transport Robinson there to answer the pending charges. That happened after the charges in the other county had been resolved; Robinson had been convicted in an adult proceeding there and sentenced to prison. The order to bring Robinson to Johnson County and the original Johnson County arrest warrant were executed (or served) on Robinson, who was in the custody of the Department of Corrections, on December 11, 2014.

About two months later, the court held a hearing on the State's request to transfer Robinson's case to adult proceedings (called a waiver). Robinson objected to the waiver, but the court granted the State's request. Two days later, the State charged Robinson in an adult proceeding with the same four counts of aggravated robbery. A month later, the State amended the complaint to include four counts of kidnapping. The court held a preliminary hearing in May 2015 and bound Robinson over for trial on two counts of aggravated robbery and four counts of kidnapping.

One of the issues we'll discuss later in the opinion involves the timing of Robinson's motion in the district court to dismiss the case on speedy-trial grounds. His attorney first told the court of his intention to file the motion at a hearing held June 4. At that point, trial was set for June 22 with a pretrial conference on June 17.

When told that Robinson would be moving to dismiss, the judge responded, "If it's going to take me sitting down with my pencil and my calculator . . . trying to figure out if [the] speedy trial [deadline has] passed, then I'd like it as soon as possible." The prosecutor then asked for some clarity about when the motion would be taken up by the court: "Judge, we'll just take that up apparently [then] at pretrial conference?" The judge replied that there was no time available before that.

Robinson's attorney filed the motion to dismiss on June 15, and the State filed a formal response the next day. The court considered the motion at the June 17 pretrial conference and denied it. At no point in that hearing did the State object that Robinson's motion to dismiss was untimely.

When the parties reconvened on June 22 for the jury trial, Robinson's attorney renewed the motion to dismiss on speedy-trial grounds to preserve that issue for appeal. At that time, the State told the court that in addition to the arguments it had made previously, the court should deny the motion because it wasn't made within 21 days of arraignment as required by K.S.A. 2017 Supp. 22-3208(4). The court affirmed its earlier ruling and also found that Robinson's motion was untimely.

Robinson was convicted in a jury trial of two counts of aggravated robbery and four counts of kidnapping. He has appealed to our court, raising three claims: (1) that the State violated his constitutional right to a speedy trial; (2) that the State shouldn't have been allowed to amend the charges in adult court to add kidnapping counts; and (3) that the district court should have dismissed the charges because the State didn't serve the warrant on him for more than two years.

ANALYSIS

I. *Speedy-Trial Rights Apply to Juvenile-Offender Proceedings, but Whether Robinson's Speedy-Trial Rights Were Violated Requires Factual Findings to Be Made by the District Court.*

We begin with Robinson's first claim—that the claims against him should be dismissed because the State violated his constitutional speedy-trial rights.

5

The Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . ." That amendment applies not only in federal prosecutions but also in prosecutions by a state. *State v. Henderson*, 284 Kan. 267, 276, 160 P.3d 776 (2007). In addition, Section 10 of the Kansas Constitution's Bill of Rights provides similar protections: "In all prosecutions, the accused shall be allowed . . . a speedy public trial by an impartial jury . . . ."

The State argues that these constitutional speedy-trial rights do not apply to juvenile proceedings, citing *State v. Breedlove*, 295 Kan. 481, 487, 286 P.3d 1123 (2012). But the juvenile proceedings in Breedlove's case (for crimes committed in 1995) took place before our Supreme Court's June 20, 2008 decision in *L.M.* Thus, the court's comment in *Breedlove* that juveniles had no constitutional speedy-trial right "in matters conducted under the Juvenile Justice Code," 295 Kan. at 487, should not be read to apply to matters conducted under the *Revised* Juvenile Justice Code. See *L.M.*, 286 Kan. at 465-66. It's that Revised Juvenile Justice Code that was at issue in *L.M.* and is applied here.

The *L.M.* case carefully considered whether a juvenile had the right to a jury trial in a juvenile-offender proceeding. As in our case, the right would be analyzed under the Sixth Amendment to the United States Constitution and Section 10 of the Kansas Constitution's Bill of Rights. The *L.M.* court held that because juvenile proceedings had "become more akin to an adult criminal prosecution" than the rehabilitative process previously in place, the jury-trial right now applied under these constitutional provisions. 286 Kan. 460, Syl. ¶¶ 1, 2.

We see no reason the speedy-trial rights under the same constitutional provisions would be any less applicable. Nor has the State provided any reasoned argument for that result. We therefore conclude that the same constitutional speedy-trial rights apply in both juvenile and adult proceedings.

6

The State next argues that even if speedy-trial rights apply, Robinson waited too long to raise the issue. Robinson raised the issue in a motion to dismiss, and K.S.A. 2017 Supp. 22-3208(4) provides that a motion to dismiss must be made "within 21 days after the plea is entered." Robinson was arraigned and pleaded not guilty on May 15, 2015, so the 21-day deadline was June 5. The motion wasn't filed until June 15.

But Robinson's attorney told the court on June 4 that he planned to file a written motion to dismiss. The gist of the parties' discussion with the court was that the motion couldn't be taken up until the June 17 pretrial conference—and the State didn't object to consideration of the motion based on its timeliness when it was heard at that pretrial conference. Nor did the State reference K.S.A. 2017 Supp. 22-3208(4) on June 4, the day before the statutory deadline, when the parties discussed the defendant's plan to move to dismiss.

At least on the facts of our case, we conclude that Robinson didn't lose his constitutional right to a speedy trial by filing his motion to dismiss on June 15. The State concedes that it suffered no prejudice from the 10-day delay; indeed, the State still managed to file its written opposition to the motion before the pretrial conference. There's also a plausible argument that the district court impliedly granted a continuance to the defendant to file the motion any time before the pretrial conference: K.S.A. 2017 Supp. 22-3208(4) allows the court to extend that deadline when the grounds for the motion weren't known and couldn't have reasonably been determined within the deadline. While that may not have been true here (we can't be completely sure because the issue wasn't developed in the absence of an objection about the motion's timeliness), the State made no objection to hearing the motion on June 17 and the 21-day deadline is not a jurisdictional requirement. With no timeliness objection by the State at or before the pretrial conference and given the June 4 colloquy with the court, we conclude that the motion to dismiss may be considered on its merits.

7

We should briefly note the State's timeliness objection when the defendant reasserted the speedy-trial issue at trial; raising the claim at that point does not change our conclusion. Robinson merely reasserted the speedy-trial claim to preserve it for appeal. The time for the State to object would have been on June 4, when the parties discussed scheduling the motion, or at the latest June 17, when the motion was initially heard.

Having decided that Robinson had a constitutional speedy-trial right throughout the proceedings, we have gone as far as we can with that issue. As the parties recognize, a four-factor balancing test first announced by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972), must be applied to determine whether the defendant's speedy-trial right has been violated. See *State v. Otero*, 210 Kan. 530, 532–33, 502 P.2d 763 (1972) (adopting the *Barker* test in Kansas). These factors are (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) prejudice to the defendant. *Barker*, 407 U.S. at 530. No single factor is controlling—we must consider them together along with other circumstances that may be relevant. 407 U.S. at 533.

The constitutional right to a speedy trial attaches—and thus begins to protect the defendant from undue delay—at formal charging or at arrest, whichever happens first. *State v. Rivera*, 277 Kan. 109, 112, 83 P.3d 169 (2004). So the delay from the time the State brought formal charges in the juvenile court until Robinson's ultimate trial in an adult proceeding must be analyzed under the *Barker* factors. Because doing so will require that factual determinations be made—and it's the district court's role, not ours, to make factual findings—we will send that issue back to the district court for further consideration.

II. *When a Criminal Charge First Made in Juvenile Proceedings Is Refiled as an Adult Proceeding, the State Is Not Precluded from Amending the Charge.*

Robinson's next claim is that the State couldn't add kidnapping charges after the case was transferred to an adult proceeding. Robinson bases this claim on K.S.A. 2017 Supp. 38-2347, which lists eight factors the district court must consider when determining whether to allow the State to charge a juvenile as an adult. Among those factors are ones that refer to the offense alleged in the *juvenile* proceeding: "[t]he seriousness of the alleged offense," how "the alleged offense was committed," and whether "the offense" was against a person or against property. K.S.A. 2017 Supp. 38-2347(d)(1), (d)(2), (d)(3). According to Robinson, since the district court must determine whether to allow the case to be transferred to an adult proceeding based in part on consideration of the specific charge, the State can't later amend the complaint and add new charges once the case is transferred to an adult proceeding.

Robinson recognizes that a case our court decided many years ago, *State v. Randolph*, 19 Kan. App. 2d 730, 876 P.2d 177 (1994), is contrary to his position. In *Randolph*, we noted that the charge was only one of the factors to be considered and concluded that the charges could be amended when the case moved to adult court. 19 Kan. App. 2d at 733-34.

The only change of note since *Randolph* has been the recognition in *L.M.* that the character of juvenile proceedings had changed into something more like traditional criminal proceedings. We see nothing about that change that would suggest the *Randolph* rule should no longer apply.

Robinson's argument also has another flaw: it considers only one of two statutory provisions that apply here. His argument is based on his interpretation of K.S.A. 2017 Supp. 38-2347, which includes consideration of "the alleged offense" when considering

9

whether to allow the case to move to adult proceedings. But there's another statute to consider, K.S.A. 22-3201(e), a provision of the Kansas Code of Criminal Procedure, which applies generally in criminal cases.

K.S.A. 22-3201(e) allows a charge to be amended: "The court may permit a complaint or information to be amended at any time before verdict or finding if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced." While this statute literally says that amendments are allowed if there's not a different crime charged *and* the defendant won't be substantially prejudiced, Kansas courts have long interpreted it to allow adding new charges before trial as long as no substantial prejudice will accrue to the defendant. E.g., *State v. Bischoff*, 281 Kan. 195, Syl. ¶ 7, 131 P.3d 531 (2006); *State v. Woods*, 250 Kan. 109, Syl. ¶ 1, 825 P.2d 514 (1992); *State v. Niblock*, 230 Kan. 156, 163, 631 P.2d 661 (1981).

Once prosecution of the juvenile as an adult is approved, the case is refiled as an adult proceeding, where the Kansas Code of Criminal Procedure applies. No provision of that Code suggests that its provisions only partly apply when the charges were first filed in a juvenile proceeding. We see no statutory indication that the charges, when refiled in an adult proceeding, are treated any differently than those in other cases.

So we have two statutes to consider—K.S.A. 2017 Supp. 38-2347 and K.S.A. 22-3201. The first was interpreted in *Randolph* to allow new charges in the adult proceeding. The second has been interpreted to allow new charges generally in adult proceedings as long as the defendant won't be substantially prejudiced. Had the Legislature wanted to change the long-standing interpretation of either statute, it has had ample time to do so. "The doctrine of stare decisis [that we follow precedent] is particularly compelling in cases where, as here, the legislature is free to alter a statute in response to court precedent with which it disagrees but declines to do so." *State v. Quested*, 302 Kan. 262, 278, 352 P.3d 553 (2015). We conclude, therefore, that the State could properly add the

10

kidnapping charges. Robinson did not show, either in the district court or on appeal, that adding these charges substantially prejudiced his ability to defend himself at trial.

III. *Statute-of-Limitations Defenses Are Waived if Not Timely Raised, and Robinson Did Not Timely Raise This Defense.*

Robinson's final argument is that because there was unreasonable delay in executing (or serving) the arrest warrant on him, the court should find that the State didn't begin the prosecution against him within the two-year statute of limitations set out for juvenile proceedings in K.S.A. 2017 Supp. 38-2303(d). While the initial charges against Robinson were filed only a few days after the crimes—and well within the two-year limitation period—Robinson argues that there was unreasonable delay in serving the warrant on him. When there's unreasonable delay in serving the warrant, the case generally isn't considered to have begun until service of the warrant. See K.S.A. 2017 Supp. 38-2303(g). So Robinson argues that the State brought the charges too late: It didn't serve the warrant on him until December 12, 2014, more than two years after the crimes.

But the State argues that Robinson didn't raise this claim in the district court, and a statute-of-limitations defense is waived if not raised there. See *State v. Sitlington*, 291 Kan. 458, Syl. ¶¶ 2-3, 241 P.3d 1003 (2010). Although our reasoning differs somewhat from the State's argument, we agree with its conclusion that Robinson waived this defense because he didn't raise it in the district court.

Robinson's motion to dismiss in the district court was based on his constitutional speedy-trial rights, not the statute of limitations. The only mention of the statute of limitations in the district court came after the court brought up the topic at the June 17 pretrial conference. As we've already noted, Robinson had moved to dismiss two days earlier, and that motion was based only on his speedy-trial rights.

11

The district court raised the statute-of-limitations issue after the prosecutor, in arguing the motion to dismiss, suggested that the State could put on evidence that Robinson had known about the Johnson County charges while he was still being held in Wyandotte County. After mentioning that evidence, the prosecutor said that "this is not a speedy trial determination." The court replied, "No, it's a statute of limitations determination." The court later concluded that the defendant had waived a statute-of-limitations defense by not raising it before the case was waived to adult court.

We're not sure the district court was right on that point (one the State adopted on appeal), but it doesn't change the overall result. There's a good argument that Robinson didn't have a chance to get a speedy-trial defense in front of the court before transfer to adult status. The State filed both juvenile charges and a motion to prosecute Robinson as an adult on the same day, and another statute, K.S.A. 2017 Supp. 38-2347(b)(1), provides that "[t]he motion [to prosecute as an adult] shall be heard and determined prior to any further proceedings on the complaint." That would seem to leave no effective opportunity for Robinson to have raised the statute-of-limitations issue before transfer to adult status. Presumably, then, he had not waived the defense by failing to raise it at that point.

But even after adult proceedings began, Robinson's motion to dismiss wasn't based on the statute of limitations. Though he did tell the district court that the State had failed to serve his arrest warrant promptly, he did so only over the speedy-trial issue: Robinson argued to consider that the delay under the *Barker* factors.

We agree, then, with the district court's overall conclusion that Robinson waived the statute-of-limitations defense by not raising it in the district court. Even if we assume that Robinson could have raised the statute-of-limitations defense after the case had moved to adult proceedings, he didn't, and that failure waived the defense. See *Sitlington*, 291 Kan. 458, Syl. ¶¶ 2-3.

12

We should add that the State's delay in serving the warrant still can be considered on remand regarding the issue about which Robinson raised it in the district court—the speedy-trial issue. The district court may consider the delay in serving the warrant, its cause, and any resulting prejudice when it weighs the *Barker* factors.

We affirm the district court's judgment in part, reverse it in part, and remand the case for further proceedings.