No. 43,431

LAWRENCE MATERI, *Appellant*, v. STANLEY SPURRIER and C. L. BRUCE, *Appellees*.

(387 P. 2d 221)

Opinion filed December 7, 1963.

*Lester C. Arvin*, of Wichita, argued the cause, and *Kay Arvin* and *Rodney H. Busey*, of Wichita, were with him on the briefs for appellant.

*William H. Dye*, of Wichita, argued the cause, and *Eugene G. Coombs*, of Wichita, was with him on the briefs for appellees.

The opinion of the court was delivered by

FATZER, J.: The plaintiff sues to recover $16,819 for an alleged breach of a written contract to drill an oil and gas well. The appeal is from an order of the district court overruling the plaintiff's motion

to strike the defendants' third amended answer and cross petition from the file.

The supreme court has only such appellate jurisdiction as is conferred by statute pursuant to Article 3, Section 3, of our Constitution, and when the record discloses lack of jurisdiction, it is the duty of the court to dismiss the appeal. (*Polzin v. National Cooperative Refinery Ass'n,* 179 Kan. 670, Syl. ¶ 1, 298 P. 2d 333.)

Considering the record presented, our statute (G. S. 1949, 60-3302, 60-3303) and our decisions preclude appellate jurisdiction to review the plaintiff's motion to strike the defendant's pleading from the file. To be reviewable, and therefore appealable, the motion to strike *must be sustained,* striking out all allegations which affect a substantial right, and in effect determine all or part of the action, or in the case an an answer or cross petition, deprive the defendant of a meritorious defense or cause of action, which, if supported by evidence, would defeat the plaintiff's cause of action or a part thereof, or deny recovery to the defendant. It has been consistently held that an order overruling a motion to strike allegations from a pleading, or to strike the pleading itself, did not constitute a final order within the meaning of the foregoing statute and, prior to final judgment, was not appealable. (*Nelson v. Schippel,* 143 Kan. 546, 547, 56 P. 2d 469; *Barnhouse v. Rowe,* 178 Kan. 248, 252, 284 P. 2d 618; *Nausley v. Nausley,* 181 Kan. 543, 545, 313 P. 2d 302; *Fernco, Inc., v. Kennedy,* 181 Kan. 25, 30, 309 P. 2d 400; *Farran v. Peterson,* 181 Kan. 145, 147, 309 P. 2d 677; *Marshall v. Duncan,* 182 Kan. 540, 543, 544, 322 P. 2d 762; *Lee v. Johnson,* 186 Kan. 460, 350 P. 2d 772; *Hodge v. Freeman,* 187 Kan. 650, 653, 359 P. 2d 845; *Schauf v. Peter Kiewit & Sons Co.,* 187 Kan. 180, 182, 354 P. 2d 687.)

In *Pulliam v. Pulliam,* 163 Kan. 497, 183 P. 2d 220, 1 A. L. R. 2d 418, it was said:

Our code of civil procedure specifies the particular matters on which a trial court's rulings will furnish a basis for an appeal (G. S. 1935, 60-3302). Resort to its provisions does not reveal that an order overruling a motion to strike is one of them. Clearly the motion to strike does not involve the merits of the action or any part thereof. . . . True enough, we have held that an order striking a petition from the files is a final order and therefore appealable (*Hicks v. Parker,* 148 Kan. 679, 84 P. 2d 905; *Dwinnell v. Acacia Mutual Life Ins. Co.,* 155 Kan. 464, 126 P. 2d 221). The reason for the rule announced in the decisions just cited is so obvious as almost to preclude the necessity of commenting upon it. When a motion to strike is sustained the plaintiff's right to proceed with the cause on its merits is wiped out with the result the ruling is to all intents and purpose a final order for which the code gives a right of

appeal. But the converse of such ruling has no such consequence. The overruling of a like motion does not determine the action or prevent a judgment. It not only leaves the defendant free to conduct his defense but also permits him after the cause has been tried upon its merits to present alleged trial errors and irregularities on final appellate review." (1. c. 498, 499.)

It is clear that, based upon our statute and settled rules of law evidenced by our many decisions, the order of the district court overruling the plaintiff's motion to strike the defendants' third amended answer and cross petition from the file did not constitute a final order for appellate review, and this court has no jurisdiction to entertain the appeal on the merits. The plaintiff is free to file his reply to the third amended answer and cross petition as allowed by the district court on November 5, 1962, and after the case has been tried, to present alleged trial errors and irregularities to this court on appeal.

The appeal is dismissed.