IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 123,570

STATE OF KANSAS,
*Appellee*,

v.

NOAH J. GLEASON,
*Appellant.*

SYLLABUS BY THE COURT

1.

K.S.A. 2020 Supp. 60-260(b)(4), which allows a court to set aside a judgment as void, does not provide a procedure for criminal defendants to obtain postconviction relief from their conviction or sentence.

2.

A sentence is illegal under K.S.A. 2020 Supp. 22-3504 when (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) it is ambiguous about the time and manner in which it is to be served.

3.

Whether jurisdiction exists is a question of law over which this court's review is unlimited.

4.

When a district court summarily denies a motion to correct an illegal sentence, an appellate court's review is unlimited because it has the same access to the motion, records, and files as the district court.

5.

A district court's subject matter jurisdiction derives from the Kansas Constitution and Kansas statutes. Article 3 of the Kansas Constitution provides that the district courts shall have such jurisdiction in their respective districts as may be provided by law. In turn, K.S.A. 20-301 vests district courts with general original jurisdiction of all matters, both civil and criminal, unless otherwise provided by law. And K.S.A. 22-2601 gives district courts exclusive jurisdiction to try all cases of felony and other criminal cases arising under the statutes of the state of Kansas.

6.

The bar of a statute of limitations is not a jurisdictional bar—it is an affirmative defense that can be waived if not pled by the defendant.

Appeal from Jefferson District Court; GUNNAR A. SUNDBY, judge. Opinion filed March 18, 2022. Affirmed.

*Gary L. Conwell*, of Conwell Law, LLC, of Topeka, was on the brief for appellant, and *Noah J. Gleason*, appellant pro se, was on a supplemental brief.

*Kristafer R. Ailslieger*, deputy solicitor general, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

WALL, J.: Noah J. Gleason, who is serving a life sentence for first-degree felony murder, appeals the district court's denial of his motion to set aside a void judgment under K.S.A. 2020 Supp. 60-260(b)(4) and his motion to correct an illegal sentence under K.S.A. 2020 Supp. 22-3504. Gleason argues that his sentence is void and illegal because the State at first charged him with an offense outside the statute of limitations. Gleason believes this untimely filing deprived the district court of jurisdiction over all later proceedings.

Gleason's argument is not legally sound. First, his reliance on K.S.A. 2020 Supp. 60-260(b)(4) is misplaced. This civil statute permits a court to set aside a void judgment, but it does not allow a criminal defendant to collaterally attack a conviction or sentence. See *State v. Kingsley*, 299 Kan. 896, 899, 326 P.3d 1083 (2014). Second, Gleason's sentence is not illegal under K.S.A. 2020 Supp. 22-3504 because the district court had jurisdiction over the entire case. Although the statute of limitations had expired when the State initially charged Gleason with conspiracy to commit aggravated robbery, the statute of limitations is an affirmative defense—it does not deprive a court of jurisdiction. See *State v. Sitlington*, 291 Kan. 458, Syl. ¶ 2, 241 P.3d 1003 (2010). The State later amended its charges and Gleason was convicted of felony murder, which has no statute of limitations. See *State v. Garcia*, 285 Kan. 1, 21, 169 P.3d 1069 (2007). As a result, we affirm the denial of Gleason's motions.

FACTS AND PROCEDURAL BACKGROUND

There are two kinds of first-degree murder in Kansas. First, a person can commit the offense by killing someone intentionally and with premeditation. Second, a person can commit the offense by killing a person while committing, attempting to commit, or

3

fleeing from certain felonies the Legislature has designated as "inherently dangerous." See K.S.A. 2020 Supp. 21-5402. This second kind of first-degree murder is known as a felony murder.

A jury convicted Gleason of felony murder following a 1999 home invasion in rural Jefferson County during which the homeowner was shot and killed. We affirmed that conviction on direct appeal. See *State v. Gleason*, 277 Kan. 624, 625, 88 P.3d 218 (2004). The facts underlying Gleason's conviction are more fully set out in that decision, but those facts are not pertinent to the disposition of this appeal.

Since his conviction, Gleason has filed several postconviction actions in state and federal court, all without success. See *Gleason v. State*, No. 111,363, 2015 WL 4094247, at *1-2 (Kan. App. 2015) (unpublished opinion) (detailing Gleason's postconviction challenges). Gleason's most recent challenge—which is the subject of this appeal—consists of two motions filed in June 2019. One is a motion under K.S.A. 2020 Supp. 60-260 to set aside a void judgment. The other is a motion under K.S.A. 2020 Supp. 22-3504 to correct an illegal sentence.

Gleason's arguments in each motion were based on the timing of the murder and the State's filing of the initial and amended complaints. Law enforcement found the rural Jefferson County homeowner dead on his kitchen floor in October 1999. But it was not until two and a half years later, in April 2002, that Gleason and two others were arrested and charged in the case. The State at first charged Gleason with conspiracy to commit aggravated robbery. About a week later, the State amended that complaint to charge Gleason with felony murder and conspiracy to commit burglary, instead of aggravated robbery. About two weeks later, the State amended the complaint a second time to add a charge of intimidation of a witness. Although the record before us does not clearly establish why, only the count of felony murder was submitted to the jury.

4

According to Gleason, this timeline showed that his sentence was void and illegal because the district court had never obtained jurisdiction over his criminal case. Though Gleason never raised the issue at trial, his motions asserted that the two-year statute of limitations applicable to a conspiracy-to-commit-aggravated-robbery charge had expired when the State filed the first complaint in April 2002. As a result, Gleason argued, all later proceedings—including the amended charge of felony murder—were void for lack of jurisdiction.

After the district court denied Gleason's motions, he appealed directly to our court. Jurisdiction is proper under K.S.A. 2020 Supp. 22-3601(b)(3) (appeal must be taken directly to Supreme Court when the maximum sentence of life imprisonment has been imposed).

ANALYSIS

On appeal, Gleason has raised seven issues across a brief prepared by his counsel and a brief that he prepared without the help of a lawyer. Those issues boil down to the following arguments. First, the original complaint charging Gleason with conspiracy to commit aggravated robbery was void because it was filed outside the two-year statute of limitations. Second, because the complaint was void, the district court lacked jurisdiction to ever try him, and the amended complaints never conferred jurisdiction. And third, because the district court lacked jurisdiction, his conviction should be reversed.

As we have noted, Gleason filed one of his motions under K.S.A. 2020 Supp. 60-260(b)(4), a civil statute that allows a court to set aside a judgment as void. But we have held that K.S.A. 60-260(b)(4) "'does not provide a procedure for a criminal defendant to obtain postconviction relief from his or her conviction or sentence,'" which is what

5

Gleason seeks here. *Kingsley*, 299 Kan. at 899. As a result, the district court did not err by denying Gleason's motion to set aside a void judgment under that statute.

Gleason's other motion, which raised the same challenges to jurisdiction, was a motion under K.S.A. 2020 Supp. 22-3504 to correct an illegal sentence. A sentence is illegal under that statute when (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) it is ambiguous about the time and manner in which it is to be served. K.S.A. 2020 Supp. 22-3504(c)(1). Gleason claims only that the district court lacked jurisdiction.

Whether jurisdiction exists is a question of law over which this court's review is unlimited. That means we need not defer to the district court's conclusions. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). Moreover, when a district court summarily denies a motion to correct an illegal sentence—as it did here—our review is unlimited because we have the same access to the motion, records, and files as the district court. *State v. Alford*, 308 Kan. 1336, 1338, 429 P.3d 197 (2018).

The district court correctly held that it had jurisdiction over Gleason's case. A district court's subject matter jurisdiction derives from "the Kansas Constitution and Kansas statutes." *In re Marriage of Williams*, 307 Kan. 960, 967-68, 417 P.3d 1033 (2018). Article 3 of the Kansas Constitution provides that "[t]he district courts shall have such jurisdiction in their respective districts as may be provided by law." Kan. Const., art. 3, § 6(b). From the earliest days of statehood, K.S.A. 20-301 (or a predecessor provision) has vested district courts with "general original jurisdiction of all matters, both civil and criminal, unless otherwise provided by law." See *State v. Dunn*, 304 Kan. 773, 789, 375 P.3d 332 (2016). And K.S.A. 22-2601 has given district courts "exclusive jurisdiction to try all cases of felony and other criminal cases arising under the statutes of the state of

6

Kansas." See 304 Kan. at 789-90 (recognizing this statutory provision or predecessor provision has been effective since 1868). Based on this authority, the district court had jurisdiction over the State's prosecution of Gleason.

Although Gleason is correct that the original complaint charged a crime outside the statute of limitations, this fact did not deprive the district court of jurisdiction over the proceedings. The bar of a statute of limitations is not a jurisdictional bar—it is "an affirmative defense that can be waived" if not pled by the defendant. *Sitlington*, 291 Kan. 458, Syl. ¶ 2; see *State v. Valdiviezo-Martinez*, 313 Kan. 614, 624, 486 P.3d 1256 (2021) (precedent establishes "the statute of limitations is not jurisdictional"). Gleason waived the statute of limitations defense by failing to raise it at trial. *Sitlington*, 291 Kan. at 463. Even if he had raised the defense at trial, the district court retained jurisdiction because the State amended the complaint to charge first-degree felony murder, which has no statute of limitations. See K.S.A. 2020 Supp. 21-5107(a) (providing that a prosecution for murder may be commenced at any time). The jury convicted Gleason of that crime, not the crime the State first charged outside the statute of limitations period.

Gleason has suggested that a "void" complaint cannot be amended, and that all later proceedings are rendered void. But he provides no authority for that assertion. Because the statute of limitations is not a jurisdictional bar, the complaint was never "void" and Gleason's sentence is not illegal under K.S.A. 2020 Supp. 22-3504.

The judgment of the district court denying Gleason's motions is affirmed.