NOT DESIGNATED FOR PUBLICATION

No. 126,988

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRIAN W. DUFF,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; CLINTON LEE, judge. Submitted without oral argument. Opinion filed August 15, 2025. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Ethan C. Zipf-Sigler*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before CLINE, P.J., ARNOLD-BURGER and GARDNER, JJ.

PER CURIAM: Inmate Brian W. Duff appeals the dismissal of his untimely motion under K.S.A. 60-1507. He asserts that he has sufficiently established manifest injustice on the basis of actual innocence to excuse his untimely filing and require a hearing on his motion. Because he fails to establish the foundation of his innocence claim—that the charge to which he pled no contest was barred based on double jeopardy—we find the district court did not err in dismissing his motion as untimely.

1

On March 20, 2017, Duff led police on a car chase that began in Leavenworth County and continued into Wyandotte County. He discharged several gun shots at multiple officers during the pursuit. He was charged with crimes related to the chase in both counties. In May 2017, Duff pled no contest in Wyandotte County to two counts of aggravated assault on a law enforcement officer. Although the record on appeal in this case is not clear, Duff claims that the victim in one of the counts to which he pleaded no contest in Wyandotte County was Deputy Robert Oliver. Those charges are not challenged here.

Duff was also charged as part of the same chase in Leavenworth County with six charges including Count 1, attempted aggravated battery on a law enforcement officer, Deputy Robert Oliver. After his plea in Wyandotte County, Duff's attorney filed a detailed motion to dismiss all the charges in Leavenworth County on the basis of double jeopardy. The State responded. After a hearing in which Duff was present with counsel, the district court partially granted the motion, dismissing two charges but denying the motion on the remaining four charges. As to Count 1, the only count at issue in this appeal, the court noted that there was evidence of "several groups of shootings—or shots being fired, is what's alleged—some in Leavenworth County, some in Wyandotte County. So I do not think the arguments of the defendant as to Count 1 apply and, therefore, deny the motion since there were intervening acts." Duff did not appeal the district court's decision denying his motion to dismiss the remaining four charges, including Count 1.

Instead, in April 2019, Duff pleaded no contest in Leavenworth County to Count 1 of the complaint, attempted aggravated battery on a law enforcement officer—Deputy Oliver. The State dismissed the remaining three charges. He was sentenced in

Leavenworth County to 130 months in prison to be served consecutively to his Wyandotte County sentence.

Over four years later, Duff filed a pro se motion to set aside a void judgment claiming the State did not have jurisdiction to bring charges in Leavenworth County due to double jeopardy and ineffective assistance of his plea counsel for telling him to plead to the charges and failing to move to dismiss the charges.

The district court summarily denied the motion. The district court ruled Duff waived the double jeopardy claim by pleading no contest and there was no merit to the jurisdiction claim. The district court also ruled that if it were to view Duff's motion as a K.S.A. 60-1507 motion, it was time barred.

Duff appeals the denial of the motion.

ANALYSIS

I.     *The exclusive remedy for a collateral attack on a criminal conviction is an action under K.S.A. 60-1507.*

A party may be given relief from a judgment if it is void. K.S.A. 2024 Supp. 60-260(b)(4). A void judgment is one rendered by a court that lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process. That said, this statute does not provide a procedure for criminal defendants to obtain postconviction relief from their conviction or sentence. *State v. Gleason*, 315 Kan. 222, 225, 505 P.3d 753 (2022) (void judgment statute could not be used to challenge defendant's conviction as outside the statute of limitations). The exclusive statutory remedy for a collateral attack on a criminal conviction and sentence is an action under K.S.A. 60-1507. *State v. Mitchell*, 297 Kan. 118, Syl. ¶ 1, 298 P.3d 349 (2013).

Recognizing this problem, the district court examined Duff's pro se motion under the lens of a K.S.A. 60-1507 motion. On appeal, Duff analyzes the case solely under the K.S.A. 60-1507 lens, thereby abandoning any other arguments. *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021) (an issue not briefed is deemed waived or abandoned).

II.   *The district court did not err in summarily denying Duff's motion under K.S.A. 60-1507.*

A defendant seeking to vacate a conviction after pleading guilty or no contest may file a habeas motion under K.S.A. 60-1507 or a motion to withdraw their plea under K.S.A. 22-3210(d) in the district court. When the district court summarily dismisses a K.S.A. 60-1507 motion, as here, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *State v. Vasquez*, 315 Kan. 729, 731, 510 P.3d 704 (2022).

A defendant has only one year from when a conviction becomes final to file a motion under K.S.A. 60-1507(a). K.S.A. 60-1507(f)(1). The one-year time limitation for bringing an action under K.S.A. 60-1507(f)(1) may be extended by the district court only to prevent a manifest injustice. K.S.A. 60-1507(f)(2).

Duff does not dispute that his motion is untimely but argues that the deadline should be extended due to manifest injustice.

A.   *Duff claims actual innocence because he believes that the charge to which he pled was barred by double jeopardy.*

To determine the existence of manifest injustice, courts are "limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2024 Supp. 60-1507(f)(2)(A). Actual innocence means that the prisoner must "show it is more likely

4

than not that no reasonable juror would have convicted the prisoner *in light of new evidence*." (Emphasis added.) K.S.A. 2024 Supp. 60-1507(f)(2)(A).

Duff argues that he is actually innocent based on his position that the Double Jeopardy Clause of the United States Constitution prohibited his prosecution in Leavenworth County. Thus, the district court lacked jurisdiction to accept his plea. He further argues his double jeopardy claim was not waived with his plea because of the district court's lack of jurisdiction. He concludes that this lack of jurisdiction establishes the necessary manifest injustice to excuse his untimely filing. So we turn to his claim of double jeopardy.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects people from a second prosecution for the same offense after conviction and from multiple punishments for the same offense. *State v. Edwards*, 281 Kan. 1334, 1338, 135 P.3d 1251 (2006). But double jeopardy is not a jurisdictional defect. 281 Kan. at 1341. A defendant generally waives a double jeopardy claim by entering a guilty or no contest plea. A subsequent attack on the plea is ordinarily confined to whether the plea was counseled and voluntary. *Noyce v. State*, 310 Kan. 394, 401-02, 447 P.3d 355 (2019) (citing *United States v. Broce*, 488 U.S. 563, 569, 109 S. Ct. 757, 102 L. Ed. 2d 927 [1989]); *State v. Reu-El*, 306 Kan. 460, 475, 394 P.3d 884 (2017).

Duff makes no claim on appeal that his plea was involuntary or uncounseled. On the contrary, the record shows that Duff was keenly aware of the double jeopardy issue before he entered his plea. He litigated his double jeopardy argument in the Leavenworth County District Court, successfully getting two charges dismissed. He pursued the issue further in a pro se petition to the Supreme Court that he later voluntarily dismissed after the Supreme Court transferred his petition to the Leavenworth County District Court for consideration. He then chose to enter a plea to Count 1 of the complaint. He did not

5

appeal his conviction or sentence, including the court's ruling denying his double jeopardy claim as to Count 1.

B. *Duff claims that his plea to the charge was not a waiver of his double jeopardy claims.*

That said, Duff correctly notes that there is an exception to the rule that a plea waives any constitutional defects. In *Broce*, the Court added an important qualification: "'We do not hold that a double jeopardy claim may never be waived. We simply hold that a plea of guilty to a charge does not waive a claim that—judged on its face—the charge is one which the State may not constitutionally prosecute.'" 488 U.S. at 575 (quoting *Menna v. New York*, 423 U.S. 61, 63 n.2, 96 S. Ct. 241, 46 L. Ed. 2d 195 [1975]); see *In re Habeas Corpus Application of Coulter*, 18 Kan. App. 2d 795, 798, 860 P.2d 51 (1993). Duff argues this exception applies.

In *Menna*, the case cited in both *Broce and Coulter*, the defendant did not waive his double jeopardy claim by pleading guilty because the indictment was facially duplicative of an earlier offense for which the defendant had been convicted and sentenced. See *Broce*, 488 U.S. at 575-76. But in *Broce*, the defendants did waive a double jeopardy claim because the defendants had pleaded guilty to indictments that on their face described separate conspiracies. The defendants could not prove their claim by relying on the existing record. 488 U.S. at 576.

C. *Duff is unable to establish that his Leavenworth charge was one that the State could not constitutionally prosecute.*

Duff's claim suffers from the same infirmity as the defendants in *Broce*. It cannot be determined from the face of the Leavenworth complaint that the charge of attempted aggravated battery of a law enforcement officer was one the State could not constitutionally prosecute. Duff discharged gunshots at multiple officers during a pursuit

in two counties. He was charged in Leavenworth County with *attempted aggravated battery* on a law enforcement officer for discharging several gun shots at Deputy Oliver in Leavenworth County. He was charged in Wyandotte County with multiple crimes related to the incident, including a different charge of *assaulting* Deputy Oliver by putting him in reasonable apprehension of bodily harm with a deadly weapon.

And moreover, the Leavenworth County District Court held a hearing and specifically denied Duff's double jeopardy claim regarding Count 1 prior to his plea to the charge. The Leavenworth County District Court considered the evidence and the Wyandotte County charge and found that the Leavenworth County charge was not barred based on double jeopardy. Duff did not appeal that decision. He did not appeal his resultant conviction. And he presents no argument on appeal as to why the decision was in error and why he should be allowed to collaterally attack it other than his reliance on the *Broce* exception. He presents no *new* evidence that would call into question the Leavenworth County court's decision regarding his claim. He had a full opportunity to brief the issue and present evidence prior to his decision to enter a plea, and he fails to designate any error in the court's ruling.

In sum, Duff is unable to establish that he is entitled to rely on an exception to the general rule that by pleading no contest to the charge he now seeks to dismiss he waived any claims related to double jeopardy. Accordingly, his manifest injustice argument fails and his claim for relief on appeal under K.S.A. 60-1507 fails as untimely.

Affirmed.