IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 127,093

CITY OF MISSION
*Appellee*,

v.

CHRISTOPHER VANHORN,
*Appellant*.

SYLLABUS BY THE COURT

1.

K.S.A. 22-3502 grants a defendant 14 days after a finding of guilt in which to file a motion for arrest of judgment. The date of sentencing has no impact on a district court's jurisdiction to hear a motion to arrest judgment.

2.

When a defendant appeals within 14 days from a district court's denial of a posttrial motion for arrest of judgment, an appellate court obtains appellate jurisdiction over the issues raised in that motion.

3.

Appellate review is limited to rulings specified in the notice of appeal.

Review of the judgment of the Court of Appeals in an unpublished order filed February 15, 2024. Appeal from Johnson District Court; MICHAEL P. JOYCE, judge. Submitted without oral argument September 11, 2025. Opinion filed November 26, 2025. Judgment of the Court of Appeals dismissing the appeal is reversed, and the case is remanded to the Court of Appeals with directions.

1

*Christopher VanHorn*, appellant, was on the briefs pro se.

*David K. Martin* and *Jacob A. Turner*, of Payne & Jones, Chartered, of Overland Park, were on the briefs for the appellee.

PER CURIAM:  Christopher VanHorn appealed the district court's denial of his posttrial motion for arrest of judgment. The Court of Appeals dismissed the appeal, finding it lacked appellate jurisdiction. VanHorn then sought review in this court. After careful consideration, we conclude the Court of Appeals has appellate jurisdiction over VanHorn's appeal. Accordingly, we reinstate the appeal and remand the case to the Court of Appeals for further proceedings.

## FACTS AND PROCEDURAL HISTORY

VanHorn's case arises out of an incident at the Salvation Army store in Mission. The City of Mission charged VanHorn with one count each of disorderly conduct and criminal trespass under municipal ordinances. The municipal court judge heard evidence and found VanHorn guilty on both counts. VanHorn appealed to the district court.

VanHorn filed numerous pretrial motions before the district court raising service of process issues, challenges to the sufficiency of the complaint, and arguments that the district court lacked jurisdiction. After a pretrial hearing, the district court denied these motions, finding jurisdiction was proper and rejecting VanHorn's challenges to his arraignment and sufficiency of process.

The district court held a trial de novo on August 21, 2023. VanHorn represented himself and generally tried to show that police lacked probable cause to arrest him and that there was no evidence he committed any crime. At the conclusion of the de novo trial, the court found VanHorn guilty of both criminal trespass and disorderly conduct.

2

Without objection, the court sentenced VanHorn on the same day. The court also advised VanHorn of his right to appeal, cautioning him that he had 14 days to appeal "any adverse ruling."

Two days after judgment and sentencing, VanHorn filed a posttrial motion for findings of fact and conclusions of law. Eleven days after judgment and sentencing, he filed a motion for arrest of judgment. The district court denied the motion for findings of fact and conclusions of law in a journal entry of judgment filed September 11, 2023. The district court denied the motion for arrest of judgment at a hearing on November 7, 2023, and then later in a written order filed November 13, 2023.

VanHorn filed a notice of appeal on November 16, 2023—almost three months after sentencing, over two months after the district court denied the posttrial motion for findings of fact and conclusions of law, and nine days after the court orally denied the motion for arrest of judgment. In it, VanHorn stated his intent to appeal the district court's denial of his pretrial motions, denial of his posttrial motion for findings of fact and conclusions of law, and denial of his posttrial motion for arrest of judgment.

In response, the City filed a motion to determine jurisdiction, which the Court of Appeals construed as a motion for involuntary dismissal and then dismissed the appeal for lack of jurisdiction on grounds that VanHorn had failed to appeal within 14 days of the conviction and sentencing. Although the panel found that VanHorn's notice of appeal was timely as to the district court's order denying the motion for arrest of judgment, it concluded that the district court had no jurisdiction to hear that motion in the first instance because, under *State v. Tafoya*, 304 Kan. 663, 667, 372 P.3d 1247 (2016), the district court lost jurisdiction after sentencing.

3

VanHorn petitioned for review. We granted review solely on VanHorn's challenge to the Court of Appeals' jurisdictional holdings. In our order granting review, we invited the parties to "file supplemental briefs addressing the Court of Appeals' reliance on [*City of Garden City v. Bird*, No. 94,616, 2006 WL 2265081 (Kan. App. 2006) (unpublished opinion)] and the interplay between K.S.A. 22-3424(c), K.S.A. 22-3502, K.S.A. 22-3608(c), and [] *Tafoya*, 304 Kan. [at] 667." The parties did so.

ANALYSIS

VanHorn's challenge involves questions of jurisdiction and statutory interpretation. We exercise unlimited review over such issues. *State v. Barnes*, 320 Kan. 147, 155, 563 P.3d 1255 (2025).

The Court of Appeals' order cited two reasons for dismissal. First, it held that it had no appellate jurisdiction over issues relating to the conviction and sentence because VanHorn failed to appeal within 14 days of his conviction and sentencing. Second, it held that the district court had no jurisdiction to consider the motion to arrest judgment in the first instance, because it lost jurisdiction once VanHorn was sentenced. Thus, even though VanHorn timely appealed the district court's denial of his motion for arrest of judgment, the Court of Appeals concluded it lacked appellate jurisdiction because the district court lacked jurisdiction.

Because the second reason for dismissal cited by the Court of Appeals stems from an overly broad statement in our own caselaw, we address it first. In the order of dismissal, the Court of Appeals cited *Tafoya*, 304 Kan. at 667, to support the proposition that a district court's jurisdictional authority over a case ends after sentencing, except when necessary to correct clerical or arithmetic mistakes. We cannot fault the Court of Appeals for citing *Tafoya* because the Court of Appeals is duty bound to follow Kansas

4

Supreme Court precedent, absent some indication this court is departing from its previous position. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022).

But *Tafoya* overstated our true jurisdictional rule. There, we said that "[o]nce sentence is pronounced and judgment entered, the district court loses jurisdiction over a criminal case except to correct arithmetic or clerical errors." 304 Kan. at 667. The case *Tafoya* cited for that proposition, however, expressed a narrower rule: "Once a legal sentence has been pronounced from the bench, the sentencing court loses subject matter jurisdiction *to modify that sentence* except to correct arithmetic or clerical errors." (Emphasis added.) *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014) (citing *State v. Guder,* 293 Kan. 763, 766, 267 P.3d 751 [2012]; K.S.A. 21-4721[i] [now K.S.A. 21-6820(i)]). *Hall* thus addressed the district court's limited authority to alter a lawful sentence—not the broader question of when jurisdiction transfers to the appellate courts.

Our recent decisions clarify that a district court generally retains jurisdiction over a criminal case—including posttrial motions—until the appeal is docketed in the appellate court. See *State v. Thomas*, 307 Kan. 733, 749, 415 P.3d 430 (2018) ("Once the case is appealed and the appeal is docketed, the district court loses jurisdiction."). We reaffirmed this general principle in *State v. Thurber*, 313 Kan. 1002, Syl. ¶ 5, 1007-08, 492 P.3d 1185 (2021), but held the plain language of K.S.A. 21-2512 creates a statutory exception allowing district courts to act on DNA-testing motions "even after an appeal has been docketed." See also, *State v. Edwards*, 318 Kan. 567, 570-72, 544 P.3d 815 (2024) (reaffirming the general rule that jurisdiction transfers upon docketing, but applying *Thurber* to hold K.S.A. 21-2512 creates a legislative exception permitting district court action after docketing).

To determine whether the district court retained jurisdiction to rule on VanHorn's motion to arrest judgment here, we also begin with the foundational rule that Kansas courts derive their jurisdiction from the Kansas Constitution and as provided by law,

usually as defined through statutes. *State v. Gleason*, 315 Kan. 222, 226, 505 P.3d 753 (2022); *Materi v. Spurrier*, 192 Kan. 291, 292, 387 P.2d 221 (1963). As explained below, the relevant statutes confirm that *Tafoya*'s jurisdictional formulation was too broad.

Under K.S.A. 22-3424(c), after a guilty verdict, "judgment shall be rendered and sentence pronounced without unreasonable delay, allowing adequate time for the filing and disposition of post-trial motions." The "final judgment" in a criminal case is the sentence. *State v. Van Winkle*, 256 Kan. 890, 895, 889 P.2d 749 (1995). Under K.S.A. 22-3608(c), a defendant ordinarily has 14 days to appeal from that judgment. See *State v. Gill*, 287 Kan. 289, 294, 196 P.3d 369 (2008). A timely notice of appeal is generally jurisdictional.

But relevant here, K.S.A. 22-3502 permits a defendant to move for arrest of judgment "within 14 days after the verdict or finding of guilty, or after a plea of guilty or nolo contendere, or within such further time as the court may fix during the 14-day period." Under this statute, a defendant may move for arrest of judgment *after sentencing*—despite *Tafoya*'s suggestion to the contrary—so long as they do so within 14 days after the verdict or finding of guilty. This statutory authorization to file a timely posttrial motion for arrest of judgment is significant not only because it may be filed after sentencing, but also because its filing ultimately impacts when jurisdiction transfers to the appellate courts.

Based on the applicable statutes and prior caselaw interpreting them, we conclude the district court had jurisdiction to consider VanHorn's timely motion for arrest of judgment, even though he had already been sentenced. In so holding, we clarify *Tafoya*'s jurisdictional statement is overbroad so that future appellate courts are not led astray. And because VanHorn timely appealed from the district court's order denying his motion for arrest of judgment, the Court of Appeals has appellate jurisdiction over the issues addressed in that order.

We now return to the Court of Appeals' first reason for dismissal: it lacked appellate jurisdiction over issues relating to VanHorn's conviction and sentence because he failed to appeal within 14 days of the conviction and sentence. Although this court possesses authority under K.S.A. 60-2101(b) to review and correct jurisdictional errors made by the Court of Appeals, that issue is not properly before us here. VanHorn's notice of appeal did not seek review of his conviction or sentence, and his petition for review likewise challenges only the Court of Appeals' second jurisdictional ruling. "Appellate review is limited to those rulings which are specified in the notice of appeal." *Anderson v. Scheffler*, 242 Kan. 857, 861, 752 P.2d 667 (1988); see also *Mundy v. State*, 307 Kan. 280, 291, 408 P.3d 965 (2018) (holding that an appellate court's jurisdiction is limited to rulings identified in the notice of appeal, but the appellant need only identify the judgment appealed from rather than specify each claimed error). Moreover, VanHorn has consistently represented in his filings before this court that the *only* matter on appeal is the district court's denial of his motion for arrest of judgment. See *State v. Edwards*, 260 Kan. 95, 98, 917 P.2d 1322 (1996) (a defendant's decision to withdraw an issue from consideration on appeal constitutes abandonment of the claim of error). Accordingly, we need not address the Court of Appeals' first jurisdictional rationale and confine our holding to the issues encompassed within VanHorn's timely appeal from the denial of his motion for arrest of judgment. To that end, we reinstate VanHorn's appeal and remand the case to the Court of Appeals for further proceedings solely on VanHorn's appeal from the district court's denial of his motion for arrest of judgment.

Judgment of the Court of Appeals dismissing the appeal is reversed, and the case is remanded to the Court of Appeals with directions.