NOT DESIGNATED FOR PUBLICATION

No. 127,791

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

SEIN F. KINA,
*Appellant*,

v.

KANSAS DEPARTMENT FOR CHILDREN AND
FAMILIES VOCATIONAL REHABILITATION SERVICES,
*Appellee*.


MEMORANDUM OPINION

Appeal from Shawnee District Court; JAY D. BEFORT, judge. Oral argument held July 8, 2025. Opinion filed January 16, 2026. Affirmed.

*Pantaleon Florez, Jr.*, of Topeka, for appellant.

*Marc Altenbernt*, of Kansas Department for Children and Families, for appellee.


Before WARNER, C.J., BRUNS and BOLTON FLEMING, JJ.


WARNER, C.J.: Sein Kina filed a federal lawsuit against the Kansas Department for Children and Families Vocational Rehabilitation Services (VR Services) in 2021. She subsequently voluntarily dismissed that case and refiled a petition in Shawnee County District Court five months later. Kina served VR Services with notice of that lawsuit 92 days after filing her petition—2 days after the statutory deadline for service of process. The district court dismissed Kina's petition, finding it was not filed and served within the window required by Kansas law. Kina now appeals that decision. After carefully reviewing the record and the parties' arguments, we affirm the district court's judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

Kina filed the petition giving rise to the current appeal in Shawnee County District Court in April 2023. The lawsuit involved claims that VR Services had previously been Kina's employer and had violated the Fourteenth Amendment to the United States Constitution, the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.), and Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) during her employment. Kina alleged in her petition that VR Services stopped offering her accommodations related to her diagnosed Dyslexia, Dyslexic Dysgraphia, and Post-Traumatic Stress Disorder; retaliated against her for seeking accommodations and vocational rehabilitation services; and subjected her to harassment based on her sex and race.

The petition stated that Kina had filed charges of discrimination with the Kansas Human Rights Commission and the Equal Employment Opportunity Commission in 2019 and received a right-to-sue letter against VR Services in January 2021. The petition explained that Kina commenced an action "within the ninety (90) day statutory period for filing in the United States District Court for the District of Kansas." She voluntarily dismissed the federal action on November 11, 2022.

Kina filed her Shawnee County petition five months later on April 10, 2023. But she did not serve process on VR Services until July 11, 2023, when her attorney hand-delivered the summons and petition to VR Services' legal assistant, Laura Leathers. VR Services' counsel entered an appearance the same day.

The following month, VR Services filed a motion to dismiss the petition, claiming that because Kina did not serve VR Services until 92 days after filing the petition, the action did not commence until July 11—after the statutory limitations period for her employment discrimination claim had lapsed. Kina filed a response arguing that VR

2

Services waived its affirmative defense when its counsel entered an unqualified entry of appearance.

The district court held a hearing and later issued a memorandum decision granting VR Services' motion to dismiss, finding that it lacked subject-matter jurisdiction "due to the untimely commencement of the action." Kina appeals.

<small>DISCUSSION</small>

*Kina's lawsuit was commenced outside the window required by law.*

Kina argues that the district court erred in dismissing her petition as untimely because VR Services waived the affirmative defense of insufficient service of process when its counsel entered a general entry of appearance, and thus it could not argue that the case must be dismissed for untimely service. In contrast, VR Services contends it never claimed that Kina's service was insufficient, but rather that the *timing* of the service caused Kina's petition to be untimely. And that entering an appearance did not waive its affirmative defense under K.S.A. 60-212(b)(6) that the statutory period for commencing an action has run, thus preventing a claim upon which relief can be granted.

This matter requires the interpretation of K.S.A. 60-518 (time to commence a new action after voluntary dismissal), K.S.A. 60-203 (timing of commencement after filing a petition), and K.S.A. 60-212 (affirmative defenses). Statutory interpretation is a question of law over which appellate courts have unlimited review. *Lozano v. Alvarez*, 306 Kan. 421, 423, 394 P.3d 862 (2017). Likewise, we exercise unlimited review over a district court's decision to grant a motion to dismiss. 306 Kan. at 423.

3

The "first step in statutory interpretation is to attempt to ascertain what the legislature intended by simply reading the statutory language, ascribing ordinary meaning to common words." 306 Kan. at 423-24.

K.S.A. 60-518 states: "If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff . . . may commence a new action within six (6) months after such failure." Our Supreme Court has previously explained that this "savings statute does not modify the applicable statute of limitations, nor does it create a new one; instead, K.S.A. 60-518 operates to toll the statute of limitations under certain circumstances, in order to allow a party to gain a determination on the merits." 306 Kan. at 424.

K.S.A. 2024 Supp. 60-203(a), meanwhile, states that a lawsuit commences against a defendant at the time a petition is filed if the defendant is served that petition within 90 days of the filing date. But if the defendant is served after this 90-day window, K.S.A. 2024 Supp. 60-203(a) states that the lawsuit commences at the time of service.

Applying these principles here, federal law required Kina to file her employment discrimination action within 90 days of receiving her right-to-sue letter in January 2021. See 42 U.S.C. § 2000e-5(f)(1). Kina filed her federal lawsuit within 90 days, but that case was later voluntarily dismissed on November 11, 2022. Nearly two years had passed from the time Kina received her right-to-sue letter to the time that her federal lawsuit was voluntarily dismissed—well over the 90-day statutory period mandated by 42 U.S.C. § 2000e-5(f)(1). But under the savings statute, Kina could commence a petition in Kansas district court within six months of the first lawsuit's dismissal. See K.S.A. 60-518. Thus, Kina needed to commence her lawsuit by May 11, 2023, for that lawsuit to be considered timely filed.

4

Kina filed her petition on April 10, 2023, which is within this window. Under K.S.A. 60-203, if Kina would have served VR Services within 90 days of April 10, the lawsuit would have commenced on the date of *filing the petition*. But Kina did not serve VR Services until July 11—92 days after filing her petition. Because Kina did not serve VR Services within 90 days of filing her petition, the lawsuit commenced on the date of *service*—July 11. See K.S.A. 2024 Supp. 60-203(a).

Because the lawsuit commenced on July 11, the statutory period to file Kina's employment discrimination case was no longer tolled, and her lawsuit was not commenced within the window required by law. Thus, VR Services is correct that the problem was not with the quality of Kina's service, but rather that the timing of such service caused Kina to miss out on the benefit of the savings statute—ultimately rendering her lawsuit untimely.

*VR Services did not waive its affirmative defense by entering an appearance.*

Kina argues that her untimely filing should not end our analysis, as insufficiency of service is an affirmative defense that can be waived. See K.S.A. 2024 Supp. 60-212(b)(4), (5). Kina asserts that VR Services' counsel waived its affirmative defense by entering an unqualified entry of appearance. She supports this argument by pointing to K.S.A. 2024 Supp. 60-203(c), which states that the "filing of an entry of appearance has the same effect as service."

But this argument misses the key issue—the service was valid, but the timing of the service made the lawsuit untimely. As VR Services correctly notes, affirmative defenses under K.S.A. 60-212(b)(1)-(7) must be asserted either by motion before pleading or in the responsive pleading. See K.S.A. 2024 Supp. 60-212(b). VR Services raised its argument that the lawsuit was untimely commenced in its motion to dismiss

before it filed any responsive pleading. VR Services did not waive its affirmative defense because it complied with the procedure described in K.S.A. 60-212(b).

We also note a more practical reason why we find Kina's argument unpersuasive. At oral argument, counsel for both parties acknowledged that an attorney who has not initiated a lawsuit must file an entry of appearance in a case in order to receive notice of any electronic filings. If we were to interpret these basic entries of appearance as waivers of all affirmative defenses, the result would conflate entries of appearance with answers or initial motions under K.S.A. 60-212. Such an interpretation is neither supported by the statute nor workable from a practical perspective.

Kina makes a related argument that VR Services' motion to dismiss was really based upon K.S.A. 60-212(b)(5) (insufficient service of process) and to claim the motion was based upon K.S.A. 60-212(b)(6) (failure to state a claim upon which relief can be granted) would be "[m]islabeling" the motion. In a footnote, Kina claims that "[a]t no time was this case argued or briefed on the issue of failure to state a claim upon which relief can be granted." We acknowledge that VR Services did not cite to any of the affirmative defenses listed in K.S.A. 60-212(b) in its motion to dismiss or reply to Kina's response motion—it argued only that the petition was "untimely" and "filed beyond the applicable statute of limitations." But we also note that "K.S.A. 60-212(b)(6) allows a defendant to ask the court to dismiss a petition that raises no legally supportable claims." *Rogers v. Wells Fargo Bank, N.A.*, 64 Kan. App. 2d 290, 291, 551 P.3d 142 (2024). And a "statute of limitations extinguishes the right to prosecute an accrued cause of action after a period of time." *Ripley v. Tolbert*, 260 Kan. 491, Syl. ¶ 3, 921 P.2d 1210 (1996). Thus, although VR Services did not explicitly state that it was moving under K.S.A. 60-212(b)(6), such basis was implied within its arguments that Kina's petition raised no legally supportable claims.

*The district court was correct to dismiss the lawsuit.*

Lastly, Kina argues that the district court's decision was based on an incorrect legal analysis. The district court found that because the lawsuit did not commence until after the statutory period for her employment-discrimination claim, the court lacked subject-matter jurisdiction over the action. VR Services acknowledges that filing an action outside the limitations period does not deprive the court of jurisdiction, but it argues that dismissal was ultimately the correct course given Kina's untimely filing.

Our state's appellate courts have routinely held that the "bar of a statute of limitations is not a jurisdictional bar—it is an affirmative defense that can be waived if not pled by the defendant." *State v. Gleason*, 315 Kan. 222, Syl. ¶ 6, 505 P.3d 753 (2022); see *Baker v. State*, 57 Kan. App. 2d 561, 569, 457 P.3d 183 (2019), *rev. denied* 312 Kan. 890 (2020). Nonetheless, we will uphold a district court's decision on appeal if it reached the correct result—even if the district court "relied on the wrong ground or assigned erroneous reasons for its decision." *Pieren-Abbott v. Kansas Dept. of Revenue*, 279 Kan. 83, 100, 106 P.3d 492 (2005).

Because Kina's lawsuit did not commence within the required statutory period, the district court correctly dismissed her petition. We thus uphold the district court's decision.

Affirmed.